MEDLER *v.* HIATT.

*Barnard* v. *Graham, ante,* 322, followed.

Where affirmative matter in the reply covers the whole answer, and is sustained by a special verdict, the plaintiff is entitled to judgment.

Where the amount of damages could be ascertained by mere computation, and the jury having failed to make an assessment, the Court assessed the damages, it was *held,* that, the merits of the cause having been properly determined, the judgment would not be reversed.

APPEAL from the *Randolph* Circuit Court.

WORDEN, J.—Suit by *Hiatt* against *Medler* on two promissory notes.

The defendant answered, in substance, that the notes were given for a piece of land (describing it) sold by the plaintiff to the defendant, and conveyed by deed containing covenants of seizin, against incumbrances, and of general warranty. A copy of the deed is set out. It is averred that there was a stream of water running through the land, and a mill-dam on the stream below the land, backing the water in the stream, and causing it to overflow the land, and "that the right to so back the water on the said land, and to so injure it, and make it sickly, soft, and spongy, had been obtained of *Jethro Hiatt,* deceased, a former owner of the land, in his lifetime, and was an easement and incumbrance existing on said land at the time of said conveyance, and still exists thereon, whereby the defendant is damaged to the amount of 500 dollars, by reason whereof the consideration of the notes has failed."

The plaintiff replied, denying that any right had been obtained to overflow the land; and averring affirmatively "that at the time the defendant received his said deed for said land, it was verbally agreed and well understood between the parties that said defendant was to receive his said deed for said land subject to any incumbrance that might exist by reason of the existence of said dam, and the right claimed to flow back the water thereon, and that said agreement entered into and was a part of the consideration thereof."

No objection was made to the replication. It seems to have been drawn with a view to the decision of this Court in the same cause, when before in this Court. *Vide* 8 Ind. R. 171.

The cause was submitted to a jury for trial, who returned a verdict in answer to interrogatories, as follows:

" In answer to the first interrogatory, we, the jury, find for the plaintiff that the right to flow water did exist, but not such that defendant could not revoke.

" In answer to the second interrogatory, we, the jury, find for the plaintiff that the said defendant bought the land with a knowledge of, and subject to, the incumbrance on said land, in consideration of the purchase-money.

"*James Griffis,* foreman."

The defendant moved for a new trial, for the reasons—

1. " That the verdict is not sustained by sufficient evidence, and is contrary to law."

2. " For error of law occurring at the trial, and excepted to at the time by the defendant."

The motion was overruled, and exception taken.

The defendant then moved for judgment in his favor for costs, notwithstanding the verdict; and upon this motion being overruled, he moved in arrest of judgment, which was also overruled. To this ruling exception was taken.

The Court then rendered judgment in favor of the plaintiff for 246 dollars, 40 cents, the amount of the notes and interest; and to this the defendant excepted.

There are eight errors assigned, four of which relate to the rulings of the Court upon the trial of the cause. No question is properly before us in relation to these rulings, as they were not properly made the basis of the motion for a new trial.

The second reason for a new trial is too vague and indefinite to raise any question. It should have pointed out the particular errors relied upon, so that the attention of the Court might have been directed to them. This point was settled in the case of *Barnard* v. *Graham,* at the present term (1).

The fifth error assigned is, that the Court erred in refusing to grant a new trial. We cannot disturb the verdict of the jury on the evidence, as that, in our opinion, tends at least to support the verdict.

The sixth, seventh, and eighth errors assigned, are upon the rulings of the Court in refusing to render judgment for the defendant for costs, notwithstanding the verdict; in refusing to arrest the judgment; and in rendering judgment for the plaintiff for the amount of the notes and interest.

The verdict we regard as decisive of the matter in controversy, and the rights of the parties, although it was not general, either for the plaintiff or defendant. It finds, in substance, as we understand it, that the defendant bought the land with a knowledge of the existence of the incumbrance and subject thereto, and that this was a part of the consideration for the purchase of the land. In short, it finds the affirmative matter set up in the replication substantially for the plaintiff.

The code provides (§ 371), that, "where the verdict is special, or where there has been a special finding on questions of fact, the Court shall render the proper judgment."

What was the proper judgment to be rendered upon the verdict in this case? It was, clearly, that the plaintiff recover the amount of his notes and interest; because the defense totally failed. There was no general denial or defense set up other than that above mentioned. The affirmative replication covered the whole defense, and as that was found for the plaintiff, it follows that he was entitled to judgment.

It is insisted that as the jury did not asseess the plaintiff's damages, the Court had no right to render judgment in his favor for such damages. There was no controversy as to the amount due upon the notes, unless the defense set up should succeed. The amount depended upon computation merely. It is true, the statute provides that in actions for the recovery of money, the jury must assess the amount of the recovery. Code, § 388. The Court, perhaps, should, upon the return of the verdict, no assess-

May Term,
1860.

MEDLER
v.
HIATT.

ment being therein made, have directed the jury to assess the amount due upon the notes; but it does not appear that the defendant objected to the assessment being made by the Court. Another section of the code (367) authorizes the Court, in certain cases, to make the assessment. Independently of the provisions of our statute, when the jury, upon the trial of an issue, omit to assess the damages, the omission may, in some instances, be supplied by a writ of inquiry. 1 Tidd's Pr., 574.

Whatever may have been the correct mode of proceeding in this case, in reference to the assessment of damages, we are satisfied that the defendant cannot now complain that the assessment was made by the Court, which was virtually done by rendering judgment for the amount of principal and interest, no objection having been made in this respect in the Court below.. In none of the motions there made, or objections taken, by the defendant, was the omission of the jury to assess the damages, or the assessment thereof by the Court, assigned as the ground of the motion or objection; and we think it too late to make the objection, for the first time, in this Court. Besides, this is a purely technical objection, not in any manner going to the merits of the cause. The damages depended upon computation merely, and the defendant was not in any manner injured by the fact that the computation was made by the Court and not by the jury. The statute provides that no judgment shall be reversed, "where it shall appear to the Court that the merits of the cause have been fairly tried and determined in the Court below." 2 R. S. p. 163. —*Riley* v. *Murray*, 8 Ind. R. 354.

We find no error in the record for which the judgment should be reversed.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Smith*, for the appellant.

*W. A. Peelle* and *T. M. Browne*, for the appellee.

(1) *Ante*, 322.