Day et al. *v*. Burnham.

## L. L. DAY ET AL. *v*. J. BURNHAM.

*Husband and Wife.   Necessaries.   Fraudulent Intent.*

The request of a *femme covert* to a merchant not to call on her husband for pay for necessaries that she purchased of him on her husband's credit, as she wished to pay for them herself, will not be presumed to have been made with a fraudulent intent, and the husband will be liable for them.

In such a case a promise of the husband to pay for them, though made before he knew of his wife's request, is a ratification of his wife's purchases, in the absence of proof that the request was made with a fraudulent purpose.

BOOK ACCOUNT.   Judgment to account was rendered and an auditor was appointed, who reported the facts as follows :

The plaintiffs were dry goods dealers in Brattleboro, and at the request of the defendant's wife, then living with the defendant, sold to her the articles charged on their book, which were appropriate to the reasonable wants of the defendant's family, and were actually applied by the defendant's wife to the supply of such wants.   But when she purchased these articles, she requested the plaintiffs not to call on the defendant, her husband, for the pay, and expressed the wish to pay for the articles herself; and in pursuance of this intimation she did from time to time render and make the services and payments constituting the items of credit in the plaintiffs' exhibit.   While this account was thus accruing the defendant was unaware of its existence, and then believed that he himself was furnishing all the necessaries for his wife and children.   But the defendant's wife finally became sick of an illness, (which ultimately proved fatal,) and the plaintiffs called on the defendant to pay the account, and the defendant's first answer was that he knew nothing about it, but would settle it, and after being called on again several days later to pay it, he said that he would.

But the auditor further found that when the defendant so promised to pay the account, the plaintiffs had not informed him that his wife had asked the privilege, or that the plaintiffs had given it, of paying for the articles herself.   This information was first given at the justice trial of this cause, when the defend-.

ant asked the plaintiffs why they had not sooner asked for the pay, and Day, one of the plaintiffs, answered, "because your wife asked the privilege of paying herself in her work and I consented."

Neither party offered any proof as to the nature of the motive of the defendant's wife, whether it was to conceal from her husband the amount of expenditures in the family, or whether it was to relieve him from the vexation of the debt.

The auditor found that the articles so delivered by the plaintiffs to the defendant's wife were sold at a fair price.

The court at the April Term, 1862, BARRETT, J., presiding, rendered judgment on the report for the plaintiffs, to which the defendant excepted,

*George Howe*, for the defendant.

Up to the time of the defendant's promise to settle the debt which his wife had contracted in her own name, no liability whatever rested upon him. *Metcalf* v. *Shaw*, 3 Camp. 22; 11 E. C. L. 301, note; *Bentley* v. *Griffin*, 1 E. C. L. 131; *Montague* v. *Benedict*, 2 Smith's L. C., 277; *Seaton* v. *Benedict*, 2 Smith's L. C. 302; Bingham on Infancy 187–8; *Stammers* v. *Macomb*, 2 Wend. 452.

The promise made by the defendant to the plaintiffs was a promise to pay a debt which, at the time, no rule of law required him to pay; a promise made in utter ignorance of material facts, in ignorance of the rule of law touching his liability, and without any consideration whatever. *Warder et al.* v. *Tucker*, 7 Mass. 451; *Freeman et al.* v. *Boynton*, 7 Mass. 488; *May* v. *Coffin*, 4 Mass. 347.

*C. K. Field*, for the plaintiffs—cited 2 Smith's L. C. 434; Reeves Dom. Rel. 79; *Gilman* v. *Andrus*, 28 Vt. 241; *Waitham* v. *Wakefield*, 1 Camp. 121.

ALDIS, J.   1st.   We think the auditor in using the words— "articles appropriate to the wants of the defendant's family and

actually *applied* by the defendant's wife to *such wants*"—meant not only that the articles belonged to the class called *necessaries*, but were also necessary for the defendant's family. The finding of the auditor stands upon this construction. He does not say the defendant furnished all the necessaries, but only that he believed he did.

Neither can we find from the auditor's report that the articles were furnished the wife on her credit. On the contrary, it appears from Exhibit A, that they were charged to the defendant on the plaintiffs' book;—originally so charged. The request of the wife not to call on the husband for pay for them, as she wished to pay for them herself, is not shown to have arisen from a desire to conceal the debt from the husband;—and is entirely consistent with the desire, suggested by the auditor in his report, of relieving the husband from importunity for the payment of it, and the hope, which she in part realized, of paying for them by her own labor;—and consistent also with the idea of the husband's liability for them.

The items charged were for articles of dress for herself and her children, and such as wives usually buy and husbands expect them to buy at the stores. She was living with her husband—the articles were necessaries—his assent to her purchase of them would be presumed; and as we have already intimated, there was nothing in the request she made to the plaintiffs to rebut the presumption by showing that the purchase was to be concealed from him, or was in the nature of a collusive transaction to charge him against his will. The law does not imply fraud, and when the act consists as well with a good motive as a bad one, and there is no proof to show it sprung from the bad, the law attributes it to the good intent.

2nd. We think the defendant by going to the store on the second occasion and saying he would pay the account has ratified his wife's purchase. He did this after he knew of the account, and had the opportunity to ascertain from his wife that she had made the purchases.

The defendant objects to being bound by this promise because

when he made it he did not know of the request the wife made to the plaintiffs, not to call on the defendant for pay, as she wished to pay for the goods herself. If this request of the wife was accompanied with proof to show that it was made and received in bad faith towards the husband the objection would have much force ;—but in the view we take of this request, and in the absence of all proof to show that it was made with a fraudulent purpose, his ignorance of it should not operate to release him from his promise.

Judgment affirmed.

