## IN GENERAL TERM, 1873.

TOBIAS KENDLEBERGER *v.* CHAUNCEY VANDEUSEN, Appellant.

HUSBAND—*liability of, for medical attendance on wife—*
PRACTICE—*errors, assignment of.*

A husband is liable for reasonable charges for the services of a physician
employed by the wife in her illness; showing such employment, and
the necessity of *medical attention*, form sufficient evidence to establish
liability of the husband for such employment.
Errors not assigned below, cannot be considered on appeal.

RAND, J.—This is a suit by Kendleberger against Vandeusen on an account for medical services rendered by plaintiff to defendant's wife.

The case was submitted to the Court, and there was a finding and judgment for the plaintiff.

The Court overruled the following motion for a new trial.

1. The finding and judgment of the Court is not sustained by the evidence.

2. That the finding and judgment of the Court is not supported by, and is contrary to the evidence.

3. That the judgment is not sustained by the law and the evidence.

4. That the Court erred in failing to make special finding upon the defendant's request.

The three first specifications present the question of the sufficiency of the evidence to support the finding of the Court. There was conflicting evidence on some points in controversy.

Kendleberger *v.* Vandeusen.

The evidence satisfactorily shows that the services charged were rendered to defendant's wife, and that she needed *medical attention*; that no other physician was at the time attending upon her, and that the wife employed plaintiff.

We are of opinion that the wife had a right to make such employment, and that the defendant is liable for the reasonable charges of plaintiff for such services as he rendered under such employment. The husband is liable for necessaries furnished his wife.

See 1st, *Blackstone's Commentaries*, side page 442 ; *Litson* v. *Brown*, 26 *Ind.*, 491. *Medical bills* are necessaries. See 1st, *Blackstone's Commentaries*, side page 466, *and notes, authorities there cited*.

The fourth specification for a new trial was properly overruled because the renewal does not show that defendant requested the Court to make a special finding, and for its failure to do so the defendant objected and excepted.

It is assigned for error that the Court erred in admitting in evidence the conversations, and statements of defendant's wife. This error, if such it is, was not assigned as a reason for a new trial, and therefore cannot be considered here. See *Kent* v. *Lawson*, 12 *Ind.*, 675 ; *Snodgrass* v. *Hunt*, 15 *Ind.*, 274 ; *Medder* v. *Hiatt*, 14 *Ind.*, 406 ; *Leach* v. *Webster*, present Term Superior Court.

The judgment is affirmed.

Note.—If the husband wrongfully deserts his wife and children, making no provision for them, he is answerable for necessaries furnished them upon his credit. (*Note to Carter* v. *Howard*, 6 *Am. Law Reg.*, (N. s.) 411, and supported by *Walker* v. *Leighton*, 11 *Foster*, 111; *Evans* v. *Fisher*, 5 *Gill* 569; *Norton* v. *Fazan*, 1 *Bosanquet & Puller's Reports*, *C. P.*, 226; *Kimball* v *Keyes*, 11 *Wend.*, 33.

Authorities cited, in the case of *Carter* v. *Howard*, being an action of *assumpsit* to recover pay for medical services rendered the wife wherein it was *held*, that a physician who renders professional services to a married woman at her request, and expressly upon her credit while she is living

apart from 'her husband, cannot afterwards recover in *assumpsit* against the husband, are: 20 *Eng., L. & Eq.,* 345; *Sawyer* v. *Cutting,* 23 *Vt.,* 486; *Patterson* v. *Gandasequi,* 15 *East.,* 62; *Addison* v. *Same,* 4 *Taunton,* 574; 32 *Ala.,* 227; 18 *Conn.,* 417. See, also, 18 *Texas, Black* v. *Bryan,* 453; and 36 *Vt.,* 37.

Of the liability of the husband upon his wife's contracts during coverture. See *Chitty on Contracts,* 166–185.—[REPORTER.