## HALL *v.* HARLOW ET AL.

PROMISSORY NOTE.—*Agency.—Pleading. — Practice.—General and Special Verdict.—When Court may Assess Damages after Verdict.*—Where the facts set out in a complaint upon a promissory note amount, in legal effect, to an allegation that one of the defendant makers, acting by and through the other defendant maker, as his agent, executed the note in suit jointly with said agent, a general denial by the former, of the complaint, not sworn to, only puts in issue the existence of the note; and an answer by the jury trying the case, to a special interrogatory, finding that the plaintiff had read in evidence a note purporting to be signed by both defendants, a copy of which had been filed with the complaint, is inconsistent with a general verdict in favor of the principal ; and the plaintiff was entitled to have his damages assessed by the court, and to judgment for the amount thus found to be due upon the note.

SAME.—*Supreme Court.—Defective Record.*—Where it appears that the evidence is not in the record, and that no exception was reserved to any thing occurring at the trial, no question can be made in the Supreme Court, upon the general verdict.

From the Montgomery Circuit Court.

*A. Thomson, B. T. Ristine, P. S. Kennedy* and *W. T. Brush,* for appellant.

*R. B. F. Peirce,* for appellees.

NIBLACK, J.—This was a suit by James H. Hall, against Samuel Harlow and Garrett Harlow, on a promissory note.

The complaint was in two paragraphs. The first paragraph was withdrawn before the trial. The second paragraph was substantially as follows:

" And for a second and further cause of action, the plaintiff complains of the defendants, and says that heretofore, to wit, on the 14th day of June, 1873, and for a long time prior thereto, the defendant Samuel Harlow, who is a son of his codefendant, Garrett Harlow, had been engaged in buying and selling cattle, sheep and other stock, and while so engaged he was accustomed to use, employ and sign the name of his said father in contracts relating to his said business, and did so use and sign the name of his said father, with the understanding and agreement existing between them at the time that he might so use the name and credit of his said father; that the said Samuel Harlow was accustomed to sign the name of the said Garrett Harlow (who was then unable to write his own name), in contracts relating to his said business, and that he did so with the knowledge, approbation and consent of the said Garrett, he, the said Garrett, well knowing that the said Samuel was using his name and credit in said business; that, at the date aforesaid, the said Samuel borrowed of the plaintiff the sum of six hundred and seventy-two dollars and fifty-eight cents, to be used in and about his said business, and did, for the same, execute the joint note of himself and the said Garrett, whereby the said defendants promised to pay the plaintiff the said sum of six hundred and seventy-two dollars and fifty-eight cents; that on the 26th day of January, 1876, there was paid on

said note the sum of two hundred and sixty-two dollars and forty cents, and a copy of said note is filed herewith, marked 'Exhibit A,' and made a part hereof; that the residue of said note is unpaid; and the plaintiff says the said Garrett has acknowledged the note aforesaid to have been executed with authority, and has ratified the act of the said Samuel in signing his name thereto." Wherefore judgment was demanded upon the note.

The defendant Samuel Harlow made default, and judgment was afterward rendered against him, for the balance due upon the note. Garrett Harlow, the other defendant, answered separately in general denial.

The issue thus formed was tried by a jury, resulting in a general verdict for the defendant, and an answer to a special interrogatory, as follows :

"Did the plaintiff read in evidence, to the jury, a note purporting to be signed by Samuel Harlow and Garrett Harlow, a copy of which is filed with the complaint?

"Answer. Yes."

The plaintiff thereupon moved for judgment in his favor, upon the answer to the special interrogatory, notwithstanding the general verdict, but the court overruled his motion and rendered judgment in favor of the defendant Garrett Harlow, upon the general verdict.

The plaintiff, who is the appellant in this court, has assigned for error, and as the only error, the overruling of his motion for judgment upon the answer to the special interrogatory, as above stated.

The appellant contends that, under the facts alleged in the paragraph of the complaint above set forth, the general denial, without oath, only denied the existence of the note sued upon, and that hence, upon the bare production of the note, he was entitled to have it read in evidence, without proof of its execution, and that, as the answer to the special interrogatory showed that the note had been read

in evidence to the jury, it necessarily followed that he was entitled to judgment upon the note.

We are of the opinion that the facts set out in the seccond paragraph of the complaint amounted, in legal effect, to an allegation, that the appellee Garrett Harlow had, acting by and through his son, Samuel Harlow, as his agent, executed the note in suit jointly with the said Samuel Harlow, and that the general denial of the said Garrett to said paragraph of the complaint, not being sworn to, only put in issue the existence of the note; but the evidence is not in the record, and no exception seems to have been reserved to any thing occurring at the trial. There is consequently nothing before us to indicate the theory upon which the cause was tried, or the peculiar circumstances under which the cause may have gone to the jury. No question is therefore made, or could be made, here, upon the general verdict.

The question recurs, Was the answer to the special interrogatory really and materially inconsistent with the general verdict?

We believe it was. The fair implication from this answer was, that the note set out in the complaint was in existence, and had been produced upon the trial, and such note having been read in evidence, we think the appellant became entitled to have his damages assessed upon it and to judgment for the amount found to be due upon such an assessment. Under such circumstances, the court would have been authorized to have assessed the damages. *Case v. Colter, ante,* p. 336; *Medler* v. *Hiatt,* 14 Ind. 405.

The case is a novel one in practice, and is, in our minds, not free from difficulty, but the conclusion we have reached seems to us to be fairly sustained by the analogies of the law, as recognized in other decided cases, and to afford the best possible solution of the very odd question presented for our consideration.

The judgment in favor of the appellee Garrett Harlow is reversed, with costs, and the cause is remanded, with instructions to the court below to assess the appellant's damages upon the note read in evidence to the jury, and to render judgment in favor of the appellant, for the amount found to be due upon such note, against the said Garrett Harlow.