# Landgrof *v.* Tanner.

## *Assumpsit.*

(Decided June 13, 1907.  44 South. 397.)

1. *Husband and Wife; Contracts of Wife; Ratification.*—Where the wife purchased a hat, agreeing to pay $4, for the same, paying 50c at the time and later in the day, both husband and wife returned to the store and the husband gave the wife 50c. which she paid on the hat, and the husband said he would return later and pay the balance on the hat, there was an assent to or ratification of the wife's purchase by the husband.

2. *Same; Jury Question.*—Whether credit was given solely to the wife, or not, under the evidence in this case, was a question for the jury.

3. *Appeal; Review; Harmless Error.*—In an action against the husband for a purchase made by the wife, the fact that plaintiff charged the wife $4, for the hat was not prejudicial to .defendant, since it tended to show that credit was given to the wife.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Action by W. M. Tanner against Charley Landgrof. From a judgment for plaintiff, defendant appeals. Affirmed.

This was an action to recover $3.50, the price of a hat, commenced by appellee against appellant. The defendant pleaded the general issue. There was verdict for plaintiff, and defendant appeals. The facts, briefly stated, are that the wife of appellant went to the store of appellee and purchased a hat, the original price of which was $4, upon which she paid 50 cents, and said that her husband would pay the balance that evening. Later in the day the appellant and his wife came into the store, and appellant gave his wife 50 cents, which she paid on the hat; appellant, his wife, and appellee all being present. The evidence also tended to show

that the husband said he would come back and pay for
the hat, or that he would come back on next Monday
and pay the balance. It is not shown whether the hat
was charged on the books, and, if charged, to whom.

M. L. LEITH, for appellant. The court erred in al-
lowing plaintiff to testify as to statements made in de-
fendant's absence.—138 Ala. 625; 108 Ala. 551; 119
Ala. 312. The court erred in allowing witness to testify
orally to contents of his book.—132 Ala. 337. The fact
that defendant said to another that he would pay for
the hat did not bind him for the debt.—*Reid v. Rowan*,
107 Ala. 366; Sec. 2152, Code 1896.

D. A. McGREGOR, for appellee. No brief came to the
Reporter.

DENSON, J.—Irrespective of the question, whether
or not the article purchased by the wife was a necessary
article, which, under the common law, might be purchas-
ed by the wife with a resultant liability on the husband
for the payment of the purchase price, we are of the
opinion that the judgment appealed from may well be
affirmed on the proposition that the husband either as-
sented to the purchase by the wife or that he subse-
quently ratified it.—*Gayle's Adm'r. v. Marshall,* 70 Ala.
522; *Day v. Burnham,* 36 Vt. 39; *West v. Wheeler,* 2
Car. & K. 714; *Gafford v. Dunham,* 111 Ala. 551, 20
South. 346; *Berg v. Warner,* 47 Minn. 250, 50 N. W. 77,
28 Am. St. Rep. 362; *Baker v. Carter,* 83 Me. 132, 21
Atl. 834, 23 Am. St. Rep. 764.

In reaching our conclusion, we have not pretermitted
consideration of the question as to whether the credit
was given solely to the wife. In this regard the most
that can be said for the defendant (appellant) is that,

on the evidence, that was a question of fact to be determined by the jury. The court, in view of this question of credit, properly admitted evidence of the declarations of the wife at the time she was making the purchase.

In respect to the ruling of the court allowing plaintiff to testify that he charged her (Mrs. Landgrof) $4 for the hat, the defendant has no ground for complaint. The testimony tended to show that credit was extended o the wife, and was, therefore, favorable to the defendant. —*Gayle's Adm'r v. Marshall, supra,* and authorities there cited.

The judgment appealed from is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.