(75 South. 466)

FERRELL v. ROSS. (6 Div. 537.)

(Supreme Court of Alabama. April 19, 1917. Rehearing Denied May 24, 1917.)

1. PARTIES ⊂⊃71—DESIGNATION—INDIVIDUAL OR REPRESENTATIVE CAPACITY.
Where the summons ran against "R., receiver," and nothing to the contrary appeared in the body of the complaint, the action was against R. personally, and not as receiver, though the sheriff's return certified that process had been served on "R. as receiver."
[Ed. Note.—For other cases, see Parties, Cent. Dig. § 113.]

2. APPEAL AND ERROR ⊂⊃934(1)—PRESUMPTIONS—JUDGMENT ENTRY.
Where the summons ran against "R., receiver," and the caption of the judgment entry was not in the transcript, it would be presumed that it followed the summons in this respect.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777, 3780–3782.]

3. PARTIES ⊂⊃59(4)—AMENDMENTS AS TO CAPACITY IN WHICH PARTY IS SUED.
When an individual is sued in his personal capacity, the complaint may be amended, so as to make the suit stand against him in his representative capacity, or vice versa, and judgment on the amended complaint is not a nullity, as rendered against a party not sued.
[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 94, 165.]

4. TRIAL ⊂⊃169 — AFFIRMATIVE CHARGE — GROUNDS—VARIANCE.
Where suit was against defendant personally, and the evidence tended to show only a liability as receiver, defendant was entitled to the general affirmative charge.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 341, 381–387, 389.]

5. RAILROADS ⊂⊃265—RECEIVERSHIP—INJURIES IN OPERATION OF ROAD—LIABILITY.
Where, at the time of an injury, defendant was operating the car causing the injury as receiver of a railroad, and was not personally guilty of any negligence or misconduct, he was not liable individually for torts committed by his subordinates, and the right of action was against the receivership.
[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 838–853.]

6. TRIAL ⊂⊃174—VARIANCE—REQUEST FOR AFFIRMATIVE CHARGE—SPECIFICATION OF GROUNDS.
Under circuit court rules 34 and 35 (175 Ala. xxi), providing that the trial court will not be put in error for refusing the affirmative charge, where predicated upon a variance curable by an amendment, or upon a failure of proof "not involving a substantive right of recovery or defense," unless there is a special objection on that ground, where defendant was sued personally, and the evidence showed only a liability as receiver, the court should have taken cognizance of this result upon defendant's request for the general affirmative charge, and its error in failing to do so was properly corrected by setting aside the verdict, since, whether the defect consisted in a failure of proof or a variance, it went to the merits of the cause.
[Ed. Note.—For other cases, see Trial, Cent. Dig. § 398.]

7. NEW TRIAL ⊂⊃152—AMENDMENT OF MOTION—TIME FOR AMENDMENT.
Where, in an action against defendant personally, he filed a motion for a new trial, the title of which designated the defendant as "R., as receiver of the B. Railroad," the motion could be amended more than 30 days after the rendition of the judgment by striking out the word "as."
[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 282.]

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by J. H. Ferrell against I. W. Ross, receiver, etc. From an order granting a new trial, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Smith & Wilkinson, of Birmingham, for appellant. Forney Johnston and W. R. C. Cocke, both of Birmingham, for appellee.

SAYRE, J. [1-3] The summons in this case ran against "I. W. Ross, receiver," etc. The caption of the complaint does not appear in the transcript—this, we presume, in consequence of rule 26, adopted June 23, 1913. 175 Ala. xix, 61 South. vii. Nothing to the contrary appearing in the body of the complaint, a long line of decisions in this court constrains us to hold that 'the action was against defendant, I. W. Ross, personally, and not as receiver. Buckley v. Wilson, 56 Ala. 393; Lowery v. Daniel, 98 Ala. 451, 13 South. 527; Jenkins v. Bramlett, 131 Ala. 597, 32 South. 575; Bryant v. Southern Ry. Co., 137 Ala. 488, 34 South. 562; Ala. City, G. & A. Ry. Co. v. Heald, 178 Ala. 636, 59 South. 461, among others that might be cited. This is the rule of the courts generally (31 Cyc. 99), and its propriety cannot be questioned. The sheriff's return showed that process had been served on "I. W. Ross, as receiver," etc.; but it was not for the sheriff to determine the capacity in which defendant had been sued or by his return to give direction to the litigation different, as the pleadings in the cause disclosed, from that intended by the parties. The caption of the judgment entry is likewise omitted, and we may presume also that it followed the summons in the respect under consideration. However, in this court it is settled that, under the statute of amendments, when an individual is sued in his personal capacity, the complaint may be amended so as to make the suit stand against him in his representative capacity or vice versa. Lucas v. Pittman, 94 Ala. 616, 10 South. 603. It follows that, while the ground of liability in a certain sense is changed by an amendment of the character indicated, the parties remain the same, and the judgment on the amended complaint in such case cannot be pronounced a nullity as rendered against a person not sued.

[4, 5] But since the suit was against defendant personally, and the evidence tended to show only a liability as receiver, defendant should have had the general affirmative charge requested by him in writing. Under the practice which for a long time prevailed in this state, in case of a failure of necessary proof or a material variance, it was not considered necessary for the complaining party to call the court's attention to the omission or variance otherwise than by a request for the affirmative charge. Adler v. Martin, 179 Ala. 97, 112, 59 South. 597. This practice has been changed by rules providing that the trial court will not be put in error for refusing the general affirmative charge, where predicated upon a variance curable by an amendment of the pleading, or upon a failure of proof "not involving a substantive right of recovery or defense," unless the point of variance or failure has been called seasonably and specifically to the attention of the court. Rules 34 and 35, adopted June 23, 1913, 175 Ala. xxi. In the present case there was no evidence on the point at issue, but in the progress of the trial the parties agreed that, at the time of the injury on account of which plaintiff sued, "I. W. Ross, the defendant, was operating the car involved in the accident as receiver of the Birmingham, Ensley & Bessemer Railroad." The court refused the general charge requested by defendant and then, upon defendant's motion for a new trial, set aside plaintiff's judgment, assigning as reason for this action that error had been committed in the refusal of the charge, because "the suit in this cause was against I. W. Ross personally, and not as receiver of the Birmingham, Ensley & Bessemer Railroad Company."

[6] There being no evidence that defendant personally had been guilty of any negligence or misconduct, the right of action was against the receivership, or the property or funds in the hands of the defendant as an officer of court, and he was not liable individually for torts committed by his subordinates. Whether the defect in plaintiff's case consisted in a failure of proof or a variance, within the purview of the rules to which we have referred, it certainly determined the identity of the responsible defendant. And while this court, in common with most others, has held the defect amendable, an amendment to bring the pleading into harmony with the proof would have gone most obviously to the merit of the cause, as determining whether plaintiff's recovery should be levied out of the property of the defendant, Ross, or should become a charge upon the property of the Birmingham, Ensley & Bessemer Railroad Company in his hands. It follows that the trial court should have taken cognizance of this result upon defendant's request for the general affirmative charge, and that its error in failing to do so was properly corrected by setting aside the verdict and judgment on defendant's subsequent motion, unless it had lost power over the judgment by reason of the statute obtaining in the premises, and providing that final judgments in the circuit court of Jefferson shall, after 30 days, be taken and deemed as completely beyond the control of the court as if the term had expired, but not destroying or changing the effect of motions for new trials made within the 30 days. The relevant parts of the statute are set out more at length in Ex parte Doak, 188 Ala. 406, 66 South. 64.

[7] Within 30 days after judgment rendered, viz. on February 15, 1916, "the defendant" spread upon the motion docket a motion as in a cause entitled "J. H. Ferrell, Plaintiff, v. I. W. Ross, as Receiver of the Birmingham, Ensley & Bessemer Railroad, Defendant." This motion was duly continued from time to time until March 4, 1916, a day more than 30 days after the judgment, when, counsel for plaintiff being present, as the bill of exceptions recites, and saying

nothing to the contrary, counsel for Ross showed to the court that the motion purported to have been made as in a cause entitled "J. H. Ferrell v. I. W. Ross, as Receiver," etc., by a mistake of the stenographer who had taken the motion, and was allowed to amend the same by striking out the word "as," after which the court granted the motion for a new trial.

This court would not be understood at this time as holding that a motion for a new trial may, under the statute in this case, be amended after 30 days from the rendition of the judgment by the addition of new grounds not germane to the grounds stated in the original motion; but the court, following the analogy of our liberal statute of amendments, holds that after that time a motion, duly filed, may be amended for the correction of informalities and technical errors, and by adding matters germane to the grounds stated in the original motion. 29 Cyc. 950. The defendant—and Ross, whether personally or as receiver, was in a very material way a party to the judgment, and, by the same token, he had a right to make the motion—was complaining that the general affirmative charge requested by him should have been given. If the defect in the complaint was amendable as not effecting an entire change of parties—and our cases so hold—then by parity of reason the motion was amendable, since the matter of the amendment did not work an entire change of the original ground of the motion. Without placing any store by the stenographic error alleged, and without regard to the estoppel urged against plaintiff on the ground that he made no objection to the amendment and joined thereafter in the argument of the motion, we now hold that it was within the power and discretion of the trial court to allow the amendment, and, upon its allowance, it was the plain duty of the court, in advancement of the ends of justice, to set aside the judgment and order a new trial.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.