(76 South. 40)
ROSS et al. v. CLARK. (6 Div. 544.)

(Supreme Court of Alabama. May 17, 1917.)

1. PARTIES ⊛⇒59(4)—AMENDMENTS AS TO CAPACITY IN WHICH PARTY IS SUED.

Although the suit was brought against R. and B., "receivers," there was no error in allowing an amendment of the complaint so as to make parties defendant R. and B., "as receivers."

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 94, 165.]

2. PARTIES ⊛⇒59(4)—AMENDMENTS AS TO CAPACITY IN WHICH PARTY IS SUED — NEW SERVICE.

Although the amendment changed the capacity in which defendants were sued, there was no necessity for new service where they were charged with defense after the amendment as before.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 94, 165.]

3. STREET RAILROADS ⊛⇒103(3)—INJURIES TO PERSONS ON OR NEAR TRACK — FAILURE TO KEEP LOOKOUT.

In action for injuries from collision of defendants' street car with plaintiff's wagon on a city street, regardless of plaintiff's negligence, defendants were liable, if by reason of the failure of their motorman to keep a lookout he did not see plaintiff in time to avoid the collision.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 219.]

4. STREET RAILROADS ⊛⇒117(11, 24) — INJURIES TO PERSONS ON TRACK—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action for injuries due to the collision on a city street of defendants' street car with plaintiff's wagon on the track, question of negligence and contributory negligence held, under the evidence, for the jury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239, 244, 246, 250, 253, 255.]

Appeal from City Court of Birmingham; C. W. Ferguson, Judge.

O. W. Clark sued I. W. Ross and Augustus

Benners, as receivers of the Birmingham, Ensley & Bessemer Railway Company, for injuries received at a crossing. Judgment for plaintiff, and defendants appeal. Affirmed.

The following charges were refused to defendant:

(A) Unless you are reasonably satisfied from the evidence that the motorman operated the car in either a willful or wanton manner, proximately causing injuries to the plaintiff, or failed to exercise all the means at his command known to a careful, skillful, and prudent motorman to avert a collision, after becoming aware that the wagon was upon or in dangerous proximity to the track, your verdict must be for defendant.

(16) I charge you that all the motorman is required to do after becoming aware that plaintiff or his vehicle would not leave the track, or in dangerous proximity thereto, in time to avert the collision, was to use such means as were at his command promptly, and in order to stop the car or to check the same, and if you are reasonably satisfied from the evidence that he did so, acting as a careful and prudent operator, your verdict must be for defendant.

(15) If you are reasonably satisfied from the evidence that in approaching the point of the collision the motorman was operating the car in a prudent and careful manner, and that he saw the wagon upon the track when the car was too near to stop or check the car by the exercise of all the means at his command known to a careful and skillful motorman in time to have prevented the collision, then your verdict must be for defendant.

Forney Johnston, W. R. C. Cocke, and Fred Fite, all of Birmingham, for appellants. Erle Pettus, of Birmingham, for appellee.

SAYRE, J. [1, 2] This suit was brought against "I. W. Ross and Augustus Benners, receivers," etc. The complaint was amended by making parties defendant "I. W. Ross and Augustus Benners, as receivers," etc. There was no error in allowing the amendment. Ferrell v. Ross, 75 South. 466.[1] Nor was there any necessity for a new service. Ross and Benners were charged with the defense after the amendment as before, though the amendment changed the capacity in which they were sued.

[3] Charges A and 16 were properly refused to the defendants because they required a verdict for defendants on a hypothesis of fact which pretermitted negligence on the part of their motorman in failing to discover plaintiff's danger in time to prevent the collision which resulted in his injury. The accident occurred in a public street of the city of Birmingham where it was the motorman's duty to keep a lookout for persons on or in dangerous proximity to the track, and if by reason of neglect of that duty the car was driven so near to plaintiff before the motorman discovered his danger that no subsequent effort could save him, then, the question of contributory negligence apart, defendants were liable.

Charge 15 was somewhat confused in its manner of stating the time with reference to

the motorman's discovery of plaintiff's danger when the duty of making an effort to avoid injury devolved upon the motorman. If the charge be construed to square exactly with the law of the subject with which it dealt, and it was capable of, though its language did not logically compel, such construction, then appellants had full and complete benefit of its entire legal content in charge 19, which was given to the jury on their request.

[4] Appellants requested a number of charges directed separately to every aspect of the case and instructing the jury that in no aspect was the plaintiff entitled to recover. These charges were all properly refused. Plaintiff, according to his interpretation of the event in question, was driving a heavily laden one-horse wagon along a street that declined somewhat in the direction in which the wagon was moving. The street was narrow, and the railroad being operated by defendants had two tracks in it at that point, so that vehicles passing along the street had to pass over a part at least of one track or the other. The belly-band of plaintiff's harness broke while his wagon was upon the track, his wheels stuck in the rails, and the shafts of his wagon flew up and lodged upon the hames of the horse's collar. Defendants' car was approaching plaintiff's wagon at moderate speed from behind, and at the moment when the wagon came to a dead stop the car was about 100 feet to the rear. Plaintiff jumped from his wagon, signaled the motorman to stop, went forward to arrange the harness or shafts, and while so engaged the car ran against the wagon, which in turn drove the horse over and against plaintiff, causing the injuries complained of. There was evidence from which the jury may have inferred that, after the wagon stuck in the track, the car might have been stopped short of a collision, but that, so far from stopping, it proceeded with unabated speed. We have stated the case with reference to those tendencies of the evidence most favorable to plaintiff's case. These tendencies were vigorously denied, but the inference to be drawn was a matter for the jury. From the tendencies stated the jury were authorized to find that defendants' motorman was negligent in not discovering sooner the danger of plaintiff's position, or that after discovering plaintiff's danger he was negligent in his efforts to stop the car, or even that he propelled or allowed his car to run forward with indifference to the consequences of a dangerous situation clearly set before him. In the circumstances stated it was for the jury also to say whether plaintiff had been guilty of negligence in assuming, as his evidence goes to show he did, that the car would stop before coming in contact with the wagon, and so, while hastening to get his wagon out of the way, remained in a position in which a collision might cause him hurt.

[1] Ante, p. 90.

The court thinks the judgment should be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.