(101 So. 921)

C. L. MOSS, Adm'r, v. LONDON, YANCEY & BROWER. (6 Div. 228.) (Supreme Court of Alabama. Oct. 30, 1924. Rehearing Denied Nov. 20, 1924.) Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge. Action by London, Yancey & Brower against C. L. Moss, as administrator of the estate of L. K. Moss, deceased. Judgment for plaintiffs, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Percy, Benners & Burr, of Birmingham, for appellant.

Where a suit is against a defendant personally, and the evidence tends to show only a liability in a representative capacity, there can be no recovery. Ferrell v. Ross, 200 Ala. 90, 75 So. 466.

R. L. Norton and Clara Cain, of Birmingham, for appellees.

The question of failure of the complaint to specify that the action was brought against defendant in his representative capacity can-

not be. raised for the first time on appeal. Rodgers v. Walker, 18 Ala. App. 99, 89 So. 396.

SAYRE, J. Appellees brought this action against appellant, who was in the summons described as "C. L. Moss, administrator of the estate of L. K. Moss, deceased." The evidence for plaintiffs—to which defendant objected—went to show professional legal services rendered by plaintiffs to defendant's intestate. Plaintiffs sought to recover the value of such services. Appellant defendant insists that the suit was against him as an individual, not as administrator, and therefore that the evidence should have been rejected, and the judgment, which he asserts is against him individually, should be set aside. Appellant refers confidently to the decision in Ferrell v. Ross, 200 Ala. 90, 75 So. 466. Here, as in the case referred to, neither the caption of the complaint nor the caption of the judgment entry appears in the record—this, we presume, in consequence of rule 26, adopted June 23, 1913 (175 Ala. xix, 61 South. vii), which remains unchanged. In the body of the complaint and in the body of the judgment the parties are referred to merely as "plaintiff" and "defendant." The evidence taken at the trial, which was had before the court without a jury, is shown by a bill of exceptions, and the bill shows that plaintiffs, appellees, proceeded against defendant as administrator, not in his individual capacity, and, for aught we know, the judgment was against defendant "as administrator." If so, there was no error against appellant as administrator available on this appeal, and, of course, no error as against appellant, who, without showing just what the judgment was, seems to proceed upon the hypothesis that it was against him individually. We refer generally to Ferrell v. Ross, supra; Ala. City, G. & A. Rwy. v. Heald, 178 Ala. 636, 59 So. 461; Rodgers v. Walker, 18 Ala. App. 99, 89 So. 396. Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.