173 So. 878

### SINCLAIR v. TAYLOR.
#### 6 Div. 976.

Court of Appeals of Alabama.
April 6, 1937.

Bradley, Baldwin, All & White and Kingman C. Shelburne, all of Birmingham, and Huey & Welch, of Bessemer, for appellant.

Harrison Kendrick, of Birmingham, for appellee.

RICE, Judge.

This was a suit—resulting in a judgment in favor of the plaintiff—brought by Lovie Taylor, the mother of Vera Taylor, a minor, against Pauline Sinclair, deing business as A. F. Sinclair Transfer Company, seeking to recover damages suffered by appellee (plaintiff) by reason of the loss of services of her said daughter, and by being required to pay out money for hospital bills in having said daughter treated, caused by injuries inflicted upon the daughter by defendant (appellant), or, that is, by appellant's agent or servant while acting within the line and scope of his employment by appellant. (See Sinclair v. Taylor, 233 Ala. 304, 171 So. 728, where will be found a report of the decision by our Supreme Court in the appeal by the appellant named in this case from a judgment recovered against her in the suit by Vera Taylor, the minor, based upon the same accident involved here.)

There was but a single count of the complaint submitted to the jury. And here, as in the opinion in the case of Hill v. Almon, 224 Ala. 658, 141 So. 625, 627, was said, *we* say: "The defendant was not entitled to the affirmative charge on any of the counts [said count], in which it is charged that the defendant's car [truck] was being driven by himself [herself], and not by his [her] servant. * * * It was being driven by another for

420

..him [her], according to defendant's own evidence, when the accident occurred. If it be conceded that, as to [said] count[s] * * * there was a variance between the *allegata* and *probata* in this respect, it does not appear from the *evidence* that such variance was called to the attention of the court. [Italics ours.] Rule 35 was intended to meet just such contingencies." Except, that it seems to *us* that the rule *34* (Michie's Code of 1928, p. 1940), rather than rule *35* (Ib.), is the proper one to apply.

■ This being a suit by the *mother*, for "an injury to a minor child," it was, of course, necessary that she show, by proper allegations, her right to maintain the suit under the provisions of Code 1923, § 5694. This we find she did.

And, regarding appellant's contention urged here, that she was entitled to have the jury given at her request the general affirmative charge to find in her favor, on the ground the evidence failed to show a "desertion of his family" by the father, who. was living, not imprisoned in the penitentiary, nor confined in an insane hospital, nor "declared of unsound mind," it is only necessary that we say that, from a careful reading of the testimony shown by the bill of exceptions, we are of the opinion, and hold, that the question of whether or not the father had "deserted his family" was one properly to be left, as it was, to the jury. It wouldn't benefit anything, or anybody, for us to detail, here, the testimony on this point.

And we feel the same way about appellant's contention that she was entitled to receive the general affirmative charge —duly requested—as for that there was an entire absence of evidence that appellant's agent or servant was guilty of any negligence in admittedly driving appellant's truck over or upon appellee's minor daughter upon the occasion in question.

■ "The rule applicable is when the plaintiff adduced evidence showing the fact of the casualty, and the attendant circumstances, that it was caused by the defendant's bus [truck] operated and in charge of the defendant's agent or servant, and is such as, in the ordinary course of things, does not happen, without negligence, this was sufficient, *prima facie*, to shift to the defendant the burden of going forward with the evidence—*res ipsa loquitur.*

■ "The defendant may rebut the inference of negligence arising from plaintiff's evidence by showing that the bus [truck] was properly equipped with approved devices and appliances to enable the operator to * * * check its speed or stop it, if needs be, and that it *was properly managed and controlled*—facts peculiarly within the knowledge of the defendant—and, unless the evidence in this respect is undisputed and free from adverse inferences, the question of negligence is one of fact for the jury." (Italics ours). Langley Bus Co. v. Messer, 222 Ala. 533, 133 So. 287, 289.

■ Here, the girl who was struck by appellant's truck was some three or four feet *off* the roadway when the truck ran her down. Clearly, as we see it, the above-quoted "rule applicable" finds in the circumstances shown full . play. And it is enough to say that the evidence that the truck was "properly managed and controlled—facts peculiarly within the knowledge of the defendant—"was *not*" free from "adverse inferences." So, the "question of negligence is [was] one of fact for the jury." Langley Bus Co. v. Messer, supra.

But one other question seems to require our consideration—or, perhaps, two. Appellee's daughter was nineteen years of age. She was employed as a cook or house servant, outside her mother's home. But she lived with her mother in the home of her brother-in-law. Appellant stoutly contends that she had been "emancipated."

■ Well, of course, if appellee's said daughter *had* been "emancipated" at the time of the accident in question appellee would not be entitled to recover in this suit. Donegan v. Davis, 66 Ala. 362. But we are of the opinion that, here again, the question so hotly debated before us—that is, as to whether or not the evidence shows that she *was* "emancipated"—was properly left to the jury. Said evidence *does not* show it *without adverse inference*—in which event, *only*, would it have been the duty of the *court* to decide the question.

■ We come now to the last question that seems to call for discussion—that raised by the trial court's refusal to give to the jury at appellant's request the following written charge, to wit: "The court

charges the jury that you are not authorized to award plaintiff any sum whatever for or on account of any hospital bills incurred by her daughter in the treatment of the injuries received by her daughter on the occasion complained of."

It appears that when appellee's said minor daughter was injured she was taken to the "T. C. I. Hospital." And that when she was asked to whom the account for the attention given her was to be charged, she answered, "the Sinclair Oil Company." But that the charge was actually made against *her*—Vera Taylor.

Said account stood on the books of the "T. C. I. Hospital" against *Vera Taylor,* until the account was later rendered, at the request of appellee's counsel, to this appellee. So far as appears said account has not yet been paid; but the record before us shows an agreement, on behalf of appellee, made by appellee's counsel, to pay same out of the proceeds of the judgment in this case.

The learned trial judge admitted difficulty—in passing upon appellant's motion to set aside the judgment in this case—in deciding whether or not he had erred in refusing the charge which we have set out hereinabove. We quote him: "The Court has found some difficulty with respect to whether the mother could recover the amount of Doctor's and Hospital bills. It appears that the mother may be responsible for such services when deserted by the father. Ellis v. Hewitt, 15 Ga.App. 693, 84 S.E. 185; 46 C.J. p. 1261, § 37, and that a promise to pay is implied when necessaries are furnished to minor with knowledge of parent without objection, 46 C.J. p. 1264, § 42, and the fact that the charge is made on the books, against the minor does not appear to change the rule. Gayle's Adm'r v. Marshall, 70 Ala. 522; Landgrof v. Tanner, 152 Ala. 511, 44 So. 397. Motion is therefore overruled, and defendants except."

We find ourselves in agreement, with his conclusion; and do not see that it is necessary that we say more.

Finding no prejudicial error to infect any ruling made the basis of any assignment of error urged upon our consideration, the judgment appealed from is affirmed.

Affirmed.