3 So.2d 405

### SCHAEFFER v. WALKER.

### 8 Div. 102.

Supreme Court of Alabama.

June 16, 1941.

Rehearing Denied June 30, 1941.

Mack Killcrease, of Albertville, and E. B. Black, of Boaz, for appellee.

London & Yancey and Fred G. Koenig, Sr., all of Birmingham, for appellant.

THOMAS, Justice.

The appeal was from an order setting aside a judgment and granting a new trial.

It is the duty of the court to set aside a verdict and grant a new trial, though the evidence is in conflict, if the trial court has a definite and well-considered opinion from the evidence that the verdict failed to do justice under the proper pleadings directing and guiding the trial.

In Parker et al. v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504, it is said: "* * * The evidence was in conflict, but the trial court saw and heard the witnesses, and on appeal some presumption must be indulged in favor of its action. As was said in Batson v. State, 216 Ala. 275, 113 So. 300, courts of record have inherent power, independent of the statute, to set aside and vacate their orders and judgments within the term and for common-law causes. Hence we attach no controlling importance to the fact that appellees in their motion described the verdict as contrary to the great weight of the evidence and as contrary to the preponderance of the evidence rather than as, in the language of the statute, section 9518 of the Code [Code 1940, Tit. 7, § 276], not sustained by the great preponderance of the evidence. * * *"

See, also, Alabama By-Products Corp. et al. v. Rutherford, 239 Ala. 413, 195 So. 210, for other authorities.

Under grounds of the motion the court had the inherent power to set aside

the verdict of the jury independent of the statute within the terms and for the common law causes.

In Batson v. State ex rel. Davis, Solicitor, 216 Ala. 275, 113 So. 300, 302, it was observed: "The intent to strike down the power of the common-law courts, in the exercise of its inherent power to grant a new trial where seasonably made and on recognized grounds at common law, is not clearly evidenced in the statute. Woodward Iron Co. v. Brown, 167 Ala. 316, 52 So. 829; Ladd v. Stevenson, 112 N.Y. 325, 19 N.E. 842, 8 Am.St.Rep. 748; 29 Cyc. 722, 727, 759. That is to say, courts of record have inherent power independent of the statute to set aside and vacate their orders or judgments within the term and for common-law causes. 15 R.C.L. 688."

See, also, 46 Corpus Juris p. 59, § 2; Tyler v. Aspinwall, 73 Conn. 493, 47 A. 755, 54 L.R.A. 758.

■ The rule of the common law is thus stated in 34 Corpus Juris, § 436, p. 207: "A court has full control over its orders or judgments during the term at which they are made, and may, upon sufficient cause shown, in the exercise of its sound discretion, amend, correct, revise, supplement, open, or vacate such judgments. This was the rule at common law, and it prevails in almost all jurisdictions. * * *."

See the following authorities: Prudential Casualty Co. v. Kerr, 202 Ala. 259, 80 So. 97; Lockwood v. Thompson, 198 Ala. 295, 73 So. 504; Ex parte Doak, 188 Ala. 406, 66 So. 64; Evans v. Wilhite, 167 Ala. 587, 52 So. 845; Ex parte Elyton Land Co., 104 Ala. 88, 15 So. 939; Talladega Mercantile Co. v. McDonald, 97 Ala. 508, 12 So. 34; Rich v. Thornton, 69 Ala. 473; Desribes v. Wilmer, 69 Ala. 25, 44 Am.Rep. 501; Johnson v. Lattimore, 7 Ala. 200; Acre v. Ross, 3 Stew. 288; Neale v. Caldwell, 3 Stew. 134.

The court acted upon its own motion under its inherent power to vacate the decree in accord with the public policy of the state. Ex parte Johnson, 238 Ala. 584, 192 So. 508.

■ The trial court saw and heard the witnesses on the trial and, within the time prescribed by statute, granted a new trial. We will not disturb the same. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738; Code 1940, Tit. 7, § 276, p. 281.

It is insisted by appellant that the suit was against W. F. Schaeffer, as an individual, and not as trustee, etc. Ferrell v. Ross, 200 Ala. 90, 75 So. 466; Gladden v. Columbiana Savings Bank, 235 Ala. 541, 180 So. 548.

■ This phase of the pleading was amendable to meet the facts as a suit against Schaeffer, as trustee. Briel v. Exchange Nat. Bank, 172 Ala. 475, 55 So. 808. We may note the same defect is contained in the pleading by the suit of Walker, administrator, etc. The word "as" should have been embraced in the pleading. The case was so tried and issue determined as that of Walker, administrator of the estate of A. W. Walker, deceased, as plaintiff, against W. F. Schaeffer, trustee of North Alabama Motor Express Co. Inc., a corporation. This was not called to the attention of the court. The record, evidence and charge of the court indicated that the trial was had against Schaeffer, as trustee of the North Alabama Motor Express, Inc., a corporation. Under this view of the case the defendant was not entitled to the affirmative charge requested. That is to say, the variance was not called to the attention of the trial court under Circuit Court Rule 34 of the Code of 1923, Code 1940, Tit. 7, p. 1035, Rule 34.

It follows from the foregoing that the judgment of the trial court should be and the same is affirmed.

Affirmed.

GARDNER, C. J., BROWN, and FOSTER, JJ., concur.

On Rehearing.

THOMAS, Justice.

The court understood from the trial that the suit was sought to be maintained and defended in a representative capacity and not as by and against an individual. The trial court charged as follows:

"This is a suit by J. C. Walker as administrator of the estate of A. W. Walker against W. F. Schaeffer, Trustee for the North Alabama Motor Express Company, a corporation. The plaintiff claims of the defendant the sum of five thousand dollars damages for it says that on or about the 28th, of January 1939 while the deceased man, plaintiff's intestate, was traveling in a wagon upon the public highway or streets in the city of Boaz, and while driving or riding along the street in the town that *this defendant through its agents,* employees drove a truck close to a mule that

was drawing the wagon in which the deceased, Mr. Walker, was riding, that the mule became frightened and turned the wagon and threw him to the ground and he received injuries from which he died within a very short time, some two days possibly. And the plaintiff gentlemen of the jury says that the death was caused by the *negligence of this Company,* or by the negligence of *its agents,* employees in the operation of the truck on the streets of Boaz, and the plaintiff says they are entitled to a judgment at your hands as a result of the wrong that caused this man Walker's death.

"The defendant gentlemen of the jury, *they* deny that, they say that is not true, that *they* are not guilty of the charge and that no negligence on the part of this Company, *its agents or employees had anything to do with the death of this man,* that it was purely an accident and that it did not result from the fright of the mule on account of the *manner in which they were operating their truck* or cars at that time and place complained of." (Italics supplied.)

The court no doubt had in mind the administrative presumption that arose from the evidence in showing the use of the corporation's truck in making a delivery at the time and place in question. Bell v. Martin, Ala.Sup., 1 So.2d 906. The pleading was so considered, when the third and fifth grounds of demurrer to complaint were drawn, though the contrary view is contained in the plea employing the pronoun "he." The judgment entry omitted the caption under Rule 26. 175 Ala. xix, 61 So. vii; Code 1940, Tit. 7, p. 1013, Rule 26. Though the complaint omitted the word "as" in declaring the names of parties plaintiff and defendant, plaintiff's letters of administration were admitted in evidence without objection of the defendant.

The testimony of J. C. Walker was to the effect that he was the son of decedent and was the administrator of his estate.

Defendant's witness Griffin testified that at the time and place he was driving the truck in question for the regular driver Mr. Thomas and he had a license to drive at that time. He detailed the manner of his driving to and at the time of the accident and on cross examination said: "I work for North Alabama Motor Express. I was just a helper, but I was driving that

truck that day. I drive a lot of days; I had driven in there before. * * *." On further examination he detailed the manner of his turn, shifting of gears, etc.

Defendant's witness Hendrix testified that the accident in question happened near his place; that it "was a North Alabama Truck" at the time and place of the accident. On cross examination, he went into the facts of the case, locations of buildings, roads, etc., at the time and detailed the name of some person present or near.

The witness Morgan testified for the defendant that the North Alabama Motor Truck or Motor Company delivered goods there. That "there was a driveway that come up to our back platform to the back of the store, and that is where they delivered." That he remembered the time and place in question and saw the truck make the turn back there between seven and eight o'clock in the morning; that he was expecting merchandise to be unloaded and watched it (the truck) make the turn; he saw the truck go behind the blacksmith shop, saw the one horse wagon come in view from the other way and that it made a turn at the point where it was customary to hitch; saw the man fall out of the wagon, sitting with his hands in his pocket on the end of the spring seat; "that the truck was the Alabama Motor Express Company-North Alabama Motor Express Company." This witness was cross-examined at length as to the time. place, operation of his truck, the wagon from which the plaintiff's intestate fell.

The evidence was closed and it is recited in the record:

"Thereupon, the court orally charged the jury, which said charge appears as a part of the record in this cause on appeal, and will appear in the record.

"Thereupon, on, to-wit, the 17th day of July, 1940, the jury returned a verdict in behalf of the defendant, and thereafter on the same date the trial court rendered judgment on said verdict in favor of the defendant."

The facts as to the motion for a new trial are set out and it is stated that the jury had been instructed in terms hereinabove set forth.

Among the refused charges are the following:

"No. 1. The court charges the jury that if you believe the evidence in this case

534

you cannot find for the plaintiff under count one of his complaint.

"No. 2. The court charges the jury that if you believe the evidence in this case you cannot find for the plaintiff.

"No. 3. The court charges the jury that if you believe the evidence in this case your verdict must be for the defendant."

We fail to find from the record that under the Circuit Court Rule, the court's attention was specifically called to any alleged variance in the allegations and the proof. Was the request for the general affirmative charge, without more, sufficient to call the court's attention to the amendable defect presented by the pleadings? On this question, appellant says:

"We call attention to the fact that in Ferrell v. Ross, 200 Ala. 90, 75 So. 466, it appears that during the progress of the trial the parties 'agreed that at the time of the injury on account of which plaintiff sued 'I. W. Ross, the defendant, was operating the car involved in the accident as receiver of the Birmingham, Ensley & Bessemer Railroad.' In the instant case the evidence shows the truck was being driven by Griffin, an employee of the North Alabama Motor Express, Inc.

"There was no such variance as would necessitate a compliance with Circuit Court Rule 34 of the Code of 1923. (Code of 1940, Tit. 7, pp. 1035, 1036). Whether the defect 'consisted in a failure of proof or a variance, within the purview' of Rule 34, 'it certainly determined the identity of the responsible defendant', and while the defect was amendable, 'an amendment to bring the pleading into harmony with the proof would have gone most obviously to the merit of the cause, as determining whether plaintiff's recovery should be levied out of the property' of Schaeffer as an individual or as Trustee of the corporation. Ferrell v. Ross, 200 Ala. 90, 75 So. 466." (Parenthesis supplied.)

In the annotations to Title 7, p. 1035, Code of 1940, the effect of our leading decisions on this question is thus stated:

"Under this rule the trial court will not be put in error because of a variance unless the variance was called to its attention in an appropriate way. Bickley, etc., Co. v. Porter, 193 Ala. 607 [610], 69 So. 565; Ruffin Coal, etc., Co. v. Rich, 214 Ala. 633, 108 So. 596.

"There must be a special objection making the point as to the variance; and this is not met by a mere statement to the trial court that the general charge was represented on the ground of variance. Carter v. Shugarman, 197 Ala. 577, 73 So. 119.

"To predicate error on refusing affirmative charge because of variance between averments and proof, it must appear that variance was brought to trial court's attention. Sanders v. Gernert Bros. Lbr. Co., 221 Ala. 469, 129 So. 46; Tyson v. Winter, 225 Ala. 437, 143 So. 460; Moore v. Cruit, 238 Ala. 414, 191 So. 252; Cassady v. Williams, 234 Ala. 299, 174 So. 485; Sinclair v. Taylor, 27 Ala.App. 418, 173 So. 878.

"Defendant on appeal could not complain that he was entitled to affirmative charge where there was no special objection made as to point of variance. Rasmus v. Schaffer, 230 Ala. 245, 160 So. 244. See also, Sovereign Camp, W. O. W. v. Feltman, 226 Ala. 390, 147 So. 396."

Our recent case of Ex parte Whitt, 238 Ala. 33, 189 So. 71, 72, cites Ferrell v. Ross, supra, as illustrative of the right of amendment, and it is therein said: "We have uniformly held that where one is sued in his individual capacity, the complaint may be amended so as to make the suit against him in his representative capacity. The identity is the same."

See, also, Crow v. Beck, 208 Ala. 444, 94 So. 580.

In Moss, Adm'r, v. London, Yancey & Brower, 212 Ala. 695, 101 So. 921, it is said: "Appellant defendant insists that the suit was against him as an individual, not as administrator, and therefore that the evidence should have been rejected, and the judgment, which he asserts is against him individually, should be set aside. Appellant refers confidently to the decision in Ferrell v. Ross, 200 Ala. 90, 75 So. 466. Here, as in the case referred to, neither the caption of the complaint nor the caption of the judgment entry appears in the record—this, we presume, in consequence of rule 26, adopted June 23, 1913 (175 Ala. xix, 61 So. vii), which remains unchanged. In the body of the complaint and in the body of the judgment the parties are referred to merely as 'plaintiff' and 'defendant.' The evidence taken at the trial, which was had before the court without a jury, is shown by a bill of exceptions, and the bill shows that plaintiffs, appellees, pro-

ceeded against defendant as administrator, not in his individual capacity, and, for aught we know, the judgment was against defendant 'as administrator.' If so, there was no error against appellant as administrator available on this appeal, and, of course, no error as against appellant, who, without showing just what the judgment was, seems to proceed upon the hypothesis that it was against him individually. We refer generally to Ferrell v. Ross, supra; Alabama City, G. & A. Ry. v. Heald, 178 Ala. 636, 59 So. 461; Rodgers v. Walker, 18 Ala.App. 99, 89 So. 396. * * *"

Under the liberal rule for amendment indicated in our recent cases, supra, we will not reverse the trial court for setting aside the verdict and granting a new trial.

The application for rehearing is overruled.

GARDNER, C. J., BROWN, and FOSTER, JJ., concur.