LeRoy TESIERO, Respondent, v. ALBERT KISKIS, Appellant.
THEODORE LEVANDUSKY, Respondent, v. ALBERT KISKIS, Appellant.

Third Department, January 7, 1942.

*Herbert F. Hastings, Jr.* [*Carl S. Salmon* of counsel], for the appellant.

*Joseph N. Barnett,* for the respondents.

BLISS, J.   The Trial Term set aside the verdict of the jury of no cause of action in each of the above actions upon the ground that it was contrary to law and against the weight of the evidence.   The defendant appeals from this order.   The cases arise out of an automobile accident which happened on August 30, 1940, at about ten-forty-five P. M. while plaintiffs were riding as passengers and guests in a car owned and operated by the defendant.   The plaintiffs' version of the accident follows.   It occurred on the State highway leading from Gloversville to Caroga Lake, which is paved with two nine-foot strips of concrete.   It was raining slightly and the pavement was wet.   The car was a practically new 1940 Chevrolet which had been run for about two or three months and its tires were in good condition.   Defendant was driving about thirty-five or forty miles an hour on a slight upgrade and approaching a curve to the left.   As the car reached the curve the plaintiffs felt it jump ahead and one of them told the defendant to take his foot off the gas.   The increase in speed was sudden and from about thirty-five to fifty miles per hour.   The car veered toward the left, then started to straighten out and upon the curve shot across the road to the right and struck some concrete posts, knocking two of them down.   It came to a stop on its side leaning against the third post after traveling a distance of about 200 feet from the point where it first began to increase speed.

The defendant said that the car was traveling from thirty-five to forty miles per hour on the right side of the highway and that he did not remember what happened thereafter except that the car ran into the guardrail.   He did not know whether or not he increased the speed.   The first thing he noticed was the car going off the road.   He " thought " that at that time he had hold of the steering wheel and he tried to get back on the pavement.   He said he tried to stay on the road and slow down but the car went off the road.   When asked by his counsel if the car skidded he said, " I think so," but he did not know for what distance it skidded

or anything further about the accident. He had had no previous trouble driving this car.

The appellant urges that he was not negligent. Reasonable care, however, under the circumstances shown in this case, demanded that he drive his car upon the highway pavement and not upon the shoulder or into the concrete posts. He was in complete control of the movements of the car. It was his hand upon the wheel and his foot upon the throttle and ordinary prudence required that he operate the car upon the pavement and keep it there. Either he drove the car off the pavement or he permitted it to run off and into the posts and he was negligent in either event. Automobiles which are carefully driven usually do not run off the highway. While negligence may not be presumed from the mere happening of an accident, the circumstances may warrant that conclusion. Such an accident as this does not occur under normal conditions and ordinarily safe driving. (5 Berry on Automobiles [7th ed.], § 5.133; 9 Blashfield Cyclopedia of Automobile Law and Practice [Perm. ed.], § 6049; 15–16 Huddy Encyc. of Automobile Law [9th ed.], § 157; 5 Am. Jur. 839, 840; 42 C. J. 1204; *Jacob* v. *Ivins*, 250 Fed. 431; *Andruss* v. *Nieto*, 112 F. [2d] 250; *Sinclair* v. *Taylor*, 27 Ala. App. 418; 173 So. 878; *Doggett* v. *Lacey*, 121 Cal. App. 395; 9 P. [2d] 257; *Giddings* v. *Honan*, 114 Conn. 473; 159 A. 271; *Gates* v. *Crane Co.*, 107 Conn. 201; 139 A. 782; *Curtis* v. *Ficken*, 52 Ida. 426; 16 P. [2d] 977; *Pearlman* v. *King Lumber Co.*, 302 Ill. App. 190; 23 N. E. [2d] 826; *Clarke* v. *Cardinal Stage Lines*, 139 Kan. 280; 31 P. [2d] 1; *Gomer* v. *Anding*, [La.] 146 So. 704; *Shea* v. *Hern*, 132 Me. 361; 171 A. 248; *Cook* v. *Cole*, 273 Mass. 557; 174 N. E. 271; *Nicol* v. *Geitler*, 188 Minn. 69; 247 N. W. 8; *Vesper* v. *Ashton*, 233 Mo. App. 204; 118 S. W. [2d] 84; *Thorne* v. *Lampros*, 52 Nev. 417; 288 P. 601; *Heckman* v. *Cohen*, 90 N. J. L. 322; 100 A. 695; *Nassar* v. *Interstate Motor Freight System*, 58 Ohio App. 443; 16 N. E. [2d] 832; *Francisco* v. *Circle Tours Sightseeing Co.*, 125 Ore. 80; 265 P. 801; *Matzasoszki* v. *Jacobson*, 122 Pa. Super. 180; 186 A. 227; *United Elec. Rys. Co.* v. *Cawley*, [R. I.] 159 A. 739; *Barger* v. *Chelpon*, 60 S. D. 66; 243 N. W. 97.) But there is further proof in this case of specific acts of negligence. The defendant suddenly increased the speed of his car from thirty-five to fifty miles per hour as it approached the curve and he was unable to negotiate the curve on the wet pavement at that speed. He was not even certain that he then had hold of the steering wheel. The conclusion is irresistible that lack of control or his attempt to operate the car around the curve on the wet pavement at too high a speed or both caused this accident. The only explanation advanced by the defendant was the suggested skidding. If the car did skid, as was suggested to the

witness by counsel for the defendant, such skidding obviously was the result of the excessive speed upon the wet pavement. It was raining and the defendant knew that the pavement was wet and should have made due allowance therefor. (*Wallace* v. *Keystone Auto Co.*, 239 Penn. St. 110; 86 A. 699.) The possibility that the car may have run off the road because of a defective steering gear or other mechanism is extremely slight and was eliminated from this case by proof that the car was practically new, that defendant had had no previous trouble with it and that both car and tires were in good condition. Nor does the defendant suggest this as a possible cause. In any event, such possibility is so slight that it does not counterbalance the probability of defendant's improper driving being the cause of the accident.*

The facts in this case very closely resemble the situation in *Allen* v. *Ennis* (253 App. Div. 769; affd., 279 N. Y. 578), where a car driven by defendant Ennis ran off the highway and overturned. There, as here, the proof warranted the inference of excessive speed and failure of control. This was considered to be ample proof of negligence.

The verdicts were against the weight of the evidence and the trial court was fully justified in setting them aside. The proof of defendant's negligence was definite and certain while his own testimony was extremely weak, indefinite and uncertain. He offered no acceptable explanation as to why the car left the highway and ran into the concrete posts, except that upon the suggestion of his counsel he said he thought the car skidded. As pointed out above, if it did skid it was because of his incautious driving and not from a cause beyond his control.

The order of the Trial Term should be affirmed, with costs.

HILL, P. J., HEFFERNAN and FOSTER, JJ., concur; CRAPSER, J., dissents. There was a question of fact for the jury. There was no fault with the charge of the court and the jury having resolved the questions of fact in defendant's favor this court has no right to interfere.

Order affirmed, with twenty-five dollars costs and disbursements.

* See Official Report of Motor Vehicle Accidents in New York State for the year 1940, issued by Carroll E. Mealey, Commissioner of Motor Vehicles, which shows that of 105,602 automobiles involved in accidents in New York State in the year 1940, 197, or less than one in every 500, had defective steering mechanisms, while over 80,000, or four out of every five, were in good condition. See, also, similar reports for other years.