DRIVER AND SHELLY V. SPENCE.

1. On a contract, for the payment of eight dollars per acre, rent for a lot of ground supposed to contain ten acres, *more or less*, a final judgment can not be rendered by default for the rent of ten acres, but a writ of inquiry must be executed.

2. The sheriff returned the writ executed on one defendant; as to the other defendant, there was an acknowledgment of service indorsed on the process, and subscribed with his name, but there was no proof of its genuineness— *Held*, that a judgment by default, against both defendants, was irregular.

THE defendant in error brought an action of covenant against the plaintiffs in the Circuit Court of Talladega, on a sealed instrument in the following words, viz: " On or before the first of January next, we, or either of us, promise to pay Sol. Spence, eight dollars per acre, for rent, for a lot of ground purchased from A. Q. Nicks, that Jesse Upton cultivated last year, supposed to be ten acres, more or less, the same being for value received; herein witness our hands and seals, this 3d of April, 1836.

GILES DRIVER, [Seal.]<br>J. D. SHELLY, [Seal.]"

On the writ are the following indorsements, viz. " I acknowledge the service of the within writ, Sept. the 27th, 1837.

J. D. SHELLY."

" Came to hand the 25th September, 1837; executed on Driver, the 27th September.

WM. BLYTHE, Sheriff,<br>By D. T. BLYTHE, Deputy."

A judgment final was rendered by default against the defendants, without the intervention of a jury; to revise which, a writ of error is prosecuted to this court.

J. L. MARTIN, for plaintiff in error.
CHILTON, for defendant.

COLLIER, C. J.—By the act of 1812, " concerning the assignment of bonds, notes, &c. and for other purposes," it is enacted that in all actions founded on any writing, ascertaining the

plaintiffs demand, or sum sued for, if judgment by default, *nil dicit*, or by *non sum informatus*, or on demurer be entered therein, the Court where the same action shall be pending, shall and may lawfully enter judgment for the debt, or demand, and interest thereon, to be calculated by the clerk of such Court, up to the time of rendering judgment, without the intervention of a jury to inquire of the damages, and award execution thereon as in other cases." Under the influence of this statute, it is insisted, that the judgment in the case at bar, is entirely regular; that the amount of the obligors, indebtedness was ascertained by their contract, and the intervention of a jury was therefore unnecessary.

In the justness of this argument, we cannot acquiesce. The obligors do not stipulate to pay any definite sum, but merely undertake to pay eight dollars *per acre*, for a piece of cleared land, which they *suppose* contains ten acres, *more or less.* The terms employed, clearly indicate that the parties did not intend to fix, with precision, the sum to be paid or received, but to leave it to be ascertained, what was the quantity of land rented.

The recital in the contract, that the land was supposed to contain ten acres, would be evidence to go to the jury, and in the absence of more satisfactory proof, should be regarded as *prima facie*, sufficient to show that such was the true number.

In Norwood & Chambers v. Riddle, (9 Porter's Rep. 425) a writ issued against two defendants. As to Norwood there was an acknowledgment of service, subscribed with his name; then, on the same day, the process went into the hands of the sheriff, who executed it on the other defendant, without saying any thing as to service on, or acknowledgment by Norwood. The Court held that the genuineness of Norwood's signature, should have been shown, or his acknowledgment proved in some other manner. This is a decision precisely adapted to the facts of this case, and conclusive to show that the judgment by default, was improperly rendered against Shelly.

The judgment upon both the grounds considered, must be reversed and the cause remanded.