(96 South. 352)

**WOODMEN OF THE WORLD v. MAYNOR.**
**(6 Div. 676.)**

(Supreme Court of Alabama. Feb. 1, 1923.
Rehearing Denied May 10, 1923.)

**1. Appeal and error ⬅️1042(1)—Striking plea of general issue not reversible error.**

Defendant cannot complain of the court's action in striking a plea which was in effect the general issue, not being injured thereby.

**2. Appeal and error ⬅️1195(1)—Sustaining demurrers to pleas held defective on former appeal not reversible error.**

Sustaining demurrers to pleas held defective on a former appeal is not reversible error.

**3. Pleading ⬅️362(2)—Refusal to strike count as being same as another count held not error.**

Refusal to strike a count of the complaint as being the same as another count held not error.

**4. Insurance ⬅️818(4) — War Department's certificate as to date and manner of insured's death held admissible.**

In an action on a benefit certificate on the life of one accidentally killed while in the army, a certificate from the War Department as to the date and manner of his death held admissible.

**5. Witnesses ⬅️268(6) — Cross-examination of clerk of local camp as to payment of insured's dues by local lodge held proper.**

In an action on a benefit certificate, cross-examination of the clerk of the local camp, in which insured had his membership, as to whether certain dues and assessments, which some of his testimony, on direct examination, tended to show were delinquent, were paid by the local lodge, and whether any were due when insured died, held proper.

**6. Witnesses ⬅️268(1)—Permitting cross-examination of witness as to matter set forth in benefit society's laws offered in evidence held not error.**

In an action on a benefit certificate, where defendant's laws and Constitution were offered in evidence, permitting cross-examination of the clerk of a local camp as to the amount of a special assessment due from insured by reason of his being an army officer, was not error; the questions calling for nothing different from that set forth in defendant's laws.

**7. Appeal and error ⬅️1048(6)—Cross-examination of clerk of benefit society's local camp as to whether insured was ever suspended held not prejudicial to insurer in view of latter's answers to interrogatories.**

In an action on a benefit certificate, where defendant's answers to interrogatories showed that insured was in good standing when he died, permitting cross-examination of the clerk of a local camp as to whether insured was ever suspended before his death was not prejudicial to defendant.

**8. Appeal and error ⊚═⇒969—Refusal to suspend hearing to permit witness to procure book from his home held not reversible error.**

Refusal, during re-examination of a witness, for whom no subpœna duces tecum had been issued, to suspend the hearing to permit him to go to his home for a certain book, as to the availability of which no inquiry was made by counsel before such re-examination, *held* not reversible error, being a matter largely within the court's discretion, no abuse of which was shown.

**9. Evidence ⊚═⇒376(1)—Exclusion of receipt stub held not erroneous.**

Exclusion of a receipt stub *held* not erroneous, in the absence of proof of the genuineness of the entries, who made them, or knowledge of the contents by the witness.

**10. Appeal and error ⊚═⇒1064(1)—Charge as to when section of fraternal benefit society by-laws, containing proviso exempting members in military service from payment of additional premium, went into effect, held not prejudicial error.**

Where it was provided that the constitution and by-laws of a fraternal benefit society as amended in July, 1917, should become effective on October 1, except as stated therein, and an amended section requiring an additional premium of members engaged in hazardous occupations, contained a proviso, effective immediately on passage, exempting all members then in good standing enlisted in the army or navy, the society, was not injured by a charge, in an action on a certificate on the life of one killed while in the service, that such section went into effect in July.

**11. Appeal and error ⊚═⇒274(5)—Ground of exception not stated in open court need not be considered.**

Where the only ground stated in open court for which an exception was reserved to an instruction is without merit, another ground mentioned on appeal need not be considered.

**12. Appeal and error ⊚═⇒216(2)—General objection to charge as not sufficiently instructing as to defenses asserted not available.**

A general objection to a charge as not sufficiently instructing the jury as to defenses asserted by defendant's pleas is unavailable on appeal; defendant's remedy being by request for special instructions.

**13. Trial ⊚═⇒169—Variance between pleading and proof as to description of insurance policy sued on not presented by request for general charge.**

Variance between pleading and proof as to the description of an insurance policy sued on, a matter easily remedied by amendment, is not presented merely by a request for the general affirmative charge. Circuit court rule 34, 175 Ala. xxi.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Action by William F. Maynor against the Woodmen of the World. From a judgment for plaintiff, defendant appeals. Affirmed.

Upon entering on the trial of the case defendant "moved to strike the fifth count of the complaint for the reason that it is the same as count 4." To the action of the court in overruling the motion to strike, the defendant excepted.

The question made the basis of the twenty-eighth assignment of error, is as follows:

"Is it not a fact the dues for Eldridge W. Maynor were sent along with the balance of your regular report from month to month during the months in question?"

Following the overruling of defendant's objection, the witness answered, "yes, sir."

C. H. Roquemore, of Montgomery, for appellant.

It was error to allow the question to the witness Hughes whether the dues of the Sovereign Camp for March, 1918, were paid by the local camp. Woodmen of the World v. Alford, 206 Ala. 18, 89 South. 528. Counsel discusses the several points raised, but without citing additional authorities.

Ward, Nash & Fendley, of Oneonta, for appellee.

As supporting the correctness of the various rulings of the trial court, counsel cite the decision on former appeal. 206 Ala. 176, 89 South. 750.

GARDNER, J. Suit by appellee against appellant for recovery upon a benefit certificate of insurance issued upon the life of Eldridge W. Maynor. This is the second appeal in this cause. W. O. W. v. Maynor, 206 Ala. 176, 89 South. 750.

[1-3] Some few of the questions here discussed were presented and determined upon the former appeal, and need no further discussion. It was pointed out on that appeal that plea 2 was in effect the general issue. It is quite plain, therefore, the defendant could have suffered no injury from the action of the court in striking this plea. Pleas 3 and 9 were held defective on the former appeal. There was therefore no reversible error in sustaining the demurrers thereto. Nor was there error in the court declining to strike the fifth count of the complaint.

[4] The certificate from the War Department as to the date and manner of the death of Eldridge Maynor was held admissible upon the former appeal, and we see no occasion to disturb that ruling.

[5] Defendant offered as a witness one Hughes, who was during the years 1917 and 1918 clerk of the local camp of the Woodmen of the World, in which the insured had his membership. He testified as to the assessments made by insured, as well as the amount of such assessments; and some of

---

⊚═⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

his evidence tended to show that insured had been delinquent in some of the monthly payments. Upon cross-examination the plaintiff was permitted to ask this witness whether or not the dues and assessments to the Sovereign Camp for some of these months were paid by the local lodge when the same became due, and also whether or not the local lodge had paid the insured's assessment to the Sovereign Camp for some of these months. The plaintiff was also permitted to ask this witness on cross-examination if on June 25, 1918, which was the date the insured met his death by accident, he was due any assessments or dues, to which the witness replied that everything had been paid. This witness was the officer of the local camp, and for the purpose of forwarding these dues and assessments was acting for and in behalf of the Sovereign Camp. His evidence discloses uncertainty as to the exact date of the payment of the dues and assessments of the insured, and, in view of the issue of forfeiture injected into the case by the defendant's pleadings, and in further view of the fact these questions were asked upon cross-examination, we find no error in these rulings of the court.

[6, 7] The laws and constitution of the defendant organization were offered in evidence, and the question asked witness Hughes upon cross-examination as to the amount of special assessment due by insured by reason of his being an officer in the army called for nothing different from that set forth in the laws of the order. The plaintiff was also permitted upon further cross-examination of this witness to ask if the insured was ever suspended before his death. Plaintiff had propounded interrogatories to the defendant, which were answered and duly sworn to by one Yates, the sovereign clerk of the defendant order, and these answers had been introduced in evidence, showing that on June 25, 1918, the insured was in good standing in the order. Defendant had therefore solemnly admitted that the insured was in good standing, and the foregoing question to the witness who was clerk of the local lodge at the time only called for collective evidence of that which defendant had thus admitted. Pretermitting any consideration as to the correctness vel non of the ruling of the court upon this question, we are of the opinion that in no event could the answer under these circumstances work any prejudice to the defendant.

[8] Upon redirect examination of the witness Hughes the defendant requested the court to permit the witness to go to his home, where was a certain book, and bring it into court. The court declined to suspend the hearing for this purpose, to which defendant duly excepted. There had not been issued for this witness a subpœna duces tecum, but counsel merely requested that he bring the book into court; nor does it appear that he had made inquiry previous to a re-examination of this witness as to whether or not the book was available. This was a matter resting largely within the discretion of the court, and no reversible error was shown.

[9] Upon further redirect examination the witness Hughes was shown a stub book of receipts, the receipts having been torn out, and defendant offered the stub of a receipt which was issued on July 2d, to the introduction of which plaintiff's objection was sustained. The question as to the introduction of evidence of this character is found discussed in McWhotter v. Tyson, 203 Ala. 509, 83 South. 330, and Bolling v. Fannin, 97 Ala. 619, 12 South. 59. In no event, however, could error be predicated upon this ruling of the court in the instant case, as there was no proof as to the genuineness of the entries or knowledge of the contents thereof by the witness, nor, indeed, was it made to appear who made the entries upon the stub. What we have said with reference to other assignments of error suffice as an answer to the action of the court in overruling defendant's objection to the question presented in assignment of error numbered 28.

[10] The regular session and legislative body of this association were held in Atlanta in July, 1917, at which time some of the by-laws were amended, and the constitution and by-laws recodified. It was then provided that the constitution, laws, and by-laws should become effective on and after October 1, 1917, except as stated in the laws. Section 43 of the constitution and by-laws was amended. This section had reference to hazardous employment or occupation, and an additional assessment therefor, with a proviso, however, that all members, officers, and enlisted men now in good standing in the society, enlisted in the army or navy of the United States, shall be exempt from the additional premium required, and other provisions followed not necessary here to mention; concluding with the words, "and provided further, that this proviso shall take effect immediately upon its passage." The trial judge in his oral charge to the jury stated that section 43 was in effect at the time of the death of the insured, and that it went into effect during the month of July, 1917. Whatever may be said in regard to the whole of section 43, we think it clear that that portion pertinent to this case, as above disclosed, did become effective in July, 1917, and that the defendant has therefore suffered no injury by this language of the oral charge.

[11] Counsel for appellant also complain that the trial court was in error in instructing the jury that, should they find for the plaintiff, they should calculate interest from 60 days after proof of death was filed. It is insisted that no interest could be charged

within 90 days from the receipt of the proof of death under the language of the certificate and by-laws of the order, and that in fact there was no proof of death. We are of the opinion, however, that the evidence was sufficient for submission to the jury· upon the question of the proof of death, and we find that at the time of this exception counsel stated to the trial court that the defendant excepted to that part of said charge "because we say no proof of death has ever been furnished." ' The only ground therefor stated in open court, for which exception was reserved, being without merit, a consideration of the other ground mentioned is rendered unnecessary.

[12] There was another general objection to the charge of the court upon the ground sufficient instructions had not been given the jury as to the numerous defenses injected into the case by the defendant's pleas. An objection of this character cannot avail the defendant; his remedy being for the request of special instructions. The questions presented by these pleas were for the jury's determination,· and the affirmative charge was properly refused.

[13] It is also argued that the affirmative charge was due defendant for a variance as to the description of the policy of insurance and the proof, a matter easily remedied by amendment. Without conceding any variance appears, the question is not to be presented merely by request for the general charge. Circuit court rule 34, 175 Ala. xxi; West v. Spratling, 204 Ala. 478, 86 South. 33.

The several assignments of error insisted upon by counsel for appellant have been considered, and, no reversible error appearing, the judgment appealed from will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.