147 So. 396

**SOVEREIGN CAMP, W. O. W., v. FELTMAN.**

6 Div. 124.

Supreme Court of Alabama.
March 30, 1933.

Wm. L. Chenault, of Russellville, for appellee.

Ernest B. Fite, of Hamilton, and Arthur F. Fite, of Jasper, for appellant.

BROWN, Justice.

The case was submitted to the jury under counts 1, 6, and 7, the plea of the general issue, special pleas 4, 5, and 6 addressed to counts 1 and 7, plea 7 to count 6, and replications 1 and 2 to pleas 4, 5, and 6 as an answer to count 1.

Count 1 is in Code form (Code 1923, § 9531, form 12) for suits on policies of life insurance. Count 7 is of like import, with the following averment added, no doubt in anticipation of the defendant's defense, to wit: "And plaintiff avers that the defendant, through its servant or agent, while acting within the line and scope of his employment, represented to the said Hayne Feltman that said policy was no good and that the interest had eaten it up and by said representations, which were false and fraudulent, induced the said Hayne Feltman to deliver said policy here sued on to the de-

fendant, or its said agent or servant aforesaid, to the plaintiff's damage to the amount of this policy."

Count 6 is in tort, alleging that in June, 1929, the defendant acting through its servant or agent, by fraud and deceit, obtained from the possession of plaintiff's husband, Hayne W. Feltman, a life insurance policy insuring his life, in the sum of $1,000, for the benefit of plaintiff who was named as beneficiary therein, on which all premiums had been paid up and through the year 1929; and that, during the life of said policy, her said husband died, and, in consequence of said fraud and deceit, plaintiff was damaged in the sum claimed.

■ The appellant's first contention is that, under counts 1 and 7, plaintiff was not entitled to recover on a "Beneficiary Certificate" issued by the defendant, "a Fraternal Beneficiary Association," and there was a fatal variance between the averments and the proof, citing in support of this contention Gilliland v. Order of Ry. Conductors of America, 216 Ala. 13, 112 So. 225, 227, and United States Health & Accident Ins. Co. v. Savage, 185 Ala. 232, 64 So. 340.

Before the adoption of rule 34 of Circuit Court Practice, it was repeatedly ruled that a complaint in Code form in an action on a life insurance policy would not justify a recovery on such special contract, and that the question was properly presented by requesting the affirmative charge. United States H. & A. Co. v. Veitch, 161 Ala. 630, 50 So. 95; United States Health & Accident Ins. Co. v. Savage, supra. But the purpose of that rule was to prevent reversals on the ground of a variance, if the defect in the pleading could be cured by amendment, unless the question was specifically called to the attention of the trial court. Woodmen of the World v. Maynor, 209 Ala. 443, 96 So. 352.

The appeal in Gilliland's Case, supra, was by the plaintiff, and the observation in that case was made in passing on the ruling against the appellant on a demurrer to a count in his complaint.

The question was not raised, as required by the rule, and the court will not be put in error for refusing the affirmative charge as to counts 1 and 7 of the complaint.

■ Appellant's next contention is that the averments of count 6 show that the plaintiff's interest, as beneficiary, in the policy was not a vested interest, but a mere expectancy, and that its procurement and cancellation by the defendant through fraud and deceit practiced on the insured will not support an action on the case by her.

As against the right of the insured to change the beneficiary, in accordance with the "laws, rules or regulations of the society," it is well settled that a beneficiary named in the policy has no vested interest. This is the effect of the statute, which, after stating certain restrictions as to who may be named as beneficiary, provides: "Within the above restrictions each member shall have the right to designate his beneficiary, and, from time to time, have the same changed in accordance with the laws, rules or regulations of the society, and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the said member." Code 1923, § 8445; Slaughter v. Grand Lodge, 192 Ala. 301, 68 So. 367; Ex parte Mosaic Templars of America (Parker et al. v. Mosaic Templars of America), 212 Ala. 471, 103 So. 65; Summers v. Summers, 218 Ala. 420, 118 So. 912.

In the last-cited case, it was held that imposition or fraud practiced by the insured against the insurer—the society—in effecting a change of the beneficiary, could not be availed of by the former beneficiary, who had been supplanted, to cancel the insured's last designation. However, the supplanted beneficiary was held to have an equity in the proceeds to the extent of premiums paid by her in maintaining the policy in force.

While this is so, the cases are agreed that a beneficiary, so long as the status or relation is not changed by the binding consent of the insured, has such substantial interest in the policy contract as affords a just basis for a right of action. Meyerson v. New Idea Hosiery Co., 217 Ala. 153, 115 So. 94, 55 A. L. R. 1231; Barnett v. Boyd, 224 Ala. 309, 140 So. 375; North Carolina Mut. Life Ins. Co. v. Martin, 223 Ala. 104, 134 So. 850.

The fact that the plaintiff's interest was contingent, dependent upon the death of the insured to convert it into a legal title, is no reason why the insurer could, through fraud and deceit practiced on the insured, destroy such right. The law operating on the relation of the parties imposed a duty on the insurer to abstain from tortiously destroying the interest of the beneficiary, so long as she remained such, and a breach of this duty will support an action on the case. Mobile Life Insurance Co. v. Randall, 74 Ala. 170; Southern Railway Co. v. Jones, 132 Ala. 437, 443, 31 So. 501.

A familiar instance of the tortious destruction of a contingency may be found in the law of dower. Hamm v. Butler, 215 Ala. 572, 112 So. 141; Sanders v. Wallace et al., 114 Ala. 259, 21 So. 947; 25 C. J. 171; 19 C. J. p. 476, § 64. And, even though the right destroyed be a mere equitable right, still an action on the case will lie. Rees v. Coats, 65 Ala. 256.

This is the only point raised by the demurrer to count 6, and the foregoing is sufficient to indicate that we are of opinion that it was overruled without error. This also disposes of appellant's contention that it was entitled to the affirmative charge as to this count and as to the case as a whole.

■ Defendant's plea 6, interposed to count 6, merely alleges that the value of the policy obtained from Feltman was only $781.23, and not $1,100; that the value had been reduced by certain charges and interest accumulating against it, facts clearly admissible under the general issue, and the demurrer taking this point was sustained without error.

■■ Charge 8, refused to the defendant, was without hypothesis, and was invasive of the province of the jury. Charge 20 was of a class that calls for explanatory instructions. and was refused without error. 2 Mayfield's Digest, p. 564 (5).

Plea 8 does not allege, but assumes, that Feltman discovered the fraud alleged in the sixth and seventh counts of the complaint, and this defect was pointed out by grounds 8 and 9 of the demurrer directed to this plea. The demurrer was well sustained.

■ In Sovereign Camp, W. O. W., v. Craft, 208 Ala. 467, 94 So. 831, 834, it was held that the beneficiary named in the beneficiary certificate could recover *for a breach of the stipulation* in the certificate in which the society engaged to erect a monument of the "full value and cost to this society of $100," but such breach must be alleged and proved. That an averment, "that such certificate contains an agreement by defendant *'to pay to the plaintiff as beneficiary therein named the sum of $100 for the erection of a monument to the memory of*,'" the insured member, did not show such breach, and therefore plaintiff was not entitled to recover that element of damages. (Italics supplied.)

■ No such breach is alleged in counts 1 or 7, and the measure of damages under count 6 was the value of the plaintiff's expectancy.

The circuit court erred in refusing defendant's requested charge 19.

■ The evidence shows that the defendant employed Frank W. Pearson, Inc., to obtain from defendant's members applications for exchange of the beneficiary certificates and take up the old certificates and forward to defendant's home office for exchange, and that Frank W. Pearson, Inc., acting through one Proud, obtained from the insured and his wife, the plaintiff, the certificate issued in 1910, and on which the premiums had been paid through the year 1929. Plaintiff's evidence goes to show that Proud falsely represented to plaintiff and her husband that the old certificate was worthless, and by such deceit obtained the possession of the certificate. Appellant contends that Frank W. Pearson, Inc., was an independent contractor, and that such fraud cannot be imputed to defendant.

It is familiar law that a person causing an act to be done, the doing of which casts upon him a duty, cannot escape from the responsibility of performing his duty by committing the doing of the act to a contractor. Republic Iron & Steel Co. v. Barter, 218 Ala. 369, 118 So. 749. The defendant was responsible for the acts of Proud in accomplishing the act which his principal had undertaken. Gulf Electric Co. v. Fried, 218 Ala. 684, 119 So. 685; Sanders v. Gernet Bros. Lumber Co., 221 Ala. 469, 129 So. 46. Reversible error, therefore, was not committed in giving special charges 2, 5, and X, at plaintiff's request, though special charge X might have been refused as argumentative.

The motion for a new trial does not complain of excessive damages, and was overruled without error.

For the error pointed out, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.