166 So.2d 786

**GUARANTEE TRUST LIFE INSURANCE COMPANY OF CHICAGO, ILL.**

v.

**Jewell BROWN, pro ami.**

**6 Div. 703.**

Supreme Court of Alabama.

July 30, 1964.

Jenkins & Cole, Birmingham, for appellant.

McDuffie & Holcombe, Tuscaloosa, for appellee.

GOODWYN, Justice.

Suit on a school child accident insurance policy.

The appeal is by defendant from a judgment (as reduced by the trial court from $2,500 to $1706.15 on motion for new trial) rendered on a jury verdict in favor of plaintiff and also from the judgment overruling defendant's motion for a new trial.

Three questions are presented: I. Whether defendant's demurrer to the complaint was properly overruled. II. Whether it was error to refuse defendant's requested affirmative charge based on a variance between the allegations and the proof. III. Whether the evidence was sufficient to establish coverage under the policy.

The complaint consists of one count, as follows:

"COUNT ONE: The plaintiff claims of the defendant the sum of, to-wit, Three Thousand ($3,000.00) Dollars, due on a policy of insurance whereby the defendant on, to-wit, the 1st day of September, 1958, insured the plaintiff against loss by reason of hospital expenses, medical expenses, and

doctor's bills due to injuries, necessarily or actually incurred; and the plaintiff incurred loss of hospital, medical and doctor's bills by reason of an accident, in which said accident she was seriously injured on, to-wit, April 23, 1959, and continued injured through, to-wit: December 22, 1959, in the amount or sum of, to-wit, Three Thousand ($3,000.00) Dollars, of which the defendant has had notice. Said policy of insurance is the property of and for the benefit of plaintiff."

The defendant's demurrer to the complaint being overruled, it filed a plea of the general issue and four special pleas. The special pleas set out the several coverage provisions of the policy and allege that plaintiff, when injured, was not within any of them. In pertinent part, the policy provides coverage for students, including plaintiff, "against loss of life, limb or sight, and loss due to hospital, nurse, and medical expense, resulting directly and independently of all other causes from accidental bodily injury, hereinafter referred to as 'Injury,' sustained while this policy is in force and while the Insured is:

"(1) Attending School during the hours and on the days when School is in session.

"(2) Traveling directly to or from the Insured's residence and the School for such sessions, coverage being effective not more than one hour before the time School begins and not more than one hour after the Insured is dismissed from School, and

"(3) Participating in and attending School-sponsored activities."

The policy defines "School-sponsored activities" as follows:

"15. 'School-sponsored activities' as herein used shall be construed to mean all School functions which are scheduled by the School on or off the School premises, including classes, and which are under the direct supervision of qualified School authorities, including School-sponsored and supervised travel to and from such activities."

Plaintiff was a student at Montgomery High School, in Tuscaloosa County. On the day she was injured, there was a planned picnic to be held at a public lake, away from the school, by the Future Homemakers of America and the Future Farmers of America, sponsored by the Home Economics and Agricultural Departments of the school. A bus was to leave the school at 4:00 P.M. to take the participating students to the lake. Mr. John Sims, a teacher at the school, was one of the school authorities in charge of this activity.

Regular classes were dismissed at 3:00 P.M. Plaintiff was injured after that time, but prior to 4:00 P.M., on a public road away from the school. The circumstances leading up to and resulting in her injury may be stated as follows: After dismissal of classes, plaintiff and her sister, Joyce, went home by school bus, a distance of about 5½ miles, left their books at home, caught the bus as it came back near their house and returned to the school. Joyce, the older of the girls, then borrowed an automobile from Mr. John Sims for the purpose of going to Brownsville, about 2½ miles from the school, to get three girls who had gone home from school to change their clothes. Plaintiff accompanied Joyce on the trip and changed her clothes at her uncle's house. Five girls were picked up. On the way back to school, a stop was made to get ice cream and candy. Three of the girls rode in the car with Joyce and three, including plaintiff, rode on the front of the car. All of the girls were members of one of the clubs going on the picnic and were returning to the school grounds for that purpose. A short distance from the school grounds, a few minutes before 4:00 P.M., the three girls riding on the front of the car fell off, apparently as a result of the brakes being put on too hard or fast. The car ran over plaintiff, breaking her leg and pelvis bone. She was hospitalized and incurred hospital and medical expenses.

There is no question on this appeal as to the amount of damages, if plaintiff has coverage under the policy. Nor is there any question that the picnic was a "School-sponsored activity," as defined in the policy.

## I and II

■ We see no reversible error in overruling the demurrer to the complaint. Even though the complaint might be insufficient in declaring on the particular policy here involved, we think it sufficiently states a cause of action to withstand the ground of demurrer here relied on, viz: The complaint "does not state a cause of action against this defendant." In effect, the allegations are that defendant insured plaintiff against loss by reason of hospital, medical, and doctor's expenses incurred by her due to injuries, however received; that she incurred such expenses due to an injury; that she is due payment for such expenses; and that the policy is her property and for her benefit. We think those allegations sufficiently "state a cause of action against this defendant." The fact that the complaint does not sufficiently allege liability under the policy actually issued, which was later introduced in evidence and relied on for recovery, does not render the complaint subject to the demurrer.

■ We might agree that the complaint does not sufficiently state a cause of action on the policy issued, introduced in evidence, and relied on for recovery; and that it would have been proper to exclude the policy on defendant's objection that its introduction would result in a variance between the allegations of the complaint and the proof. But here there was no objection to introduction of the policy. Rather, when the policy was introduced in evidence the parties agreed "it was in effect at the time this accident occurred." Aside from any other reason, in view of Rule 34, Rules of Practice in the Circuit and Inferior Courts, Code 1940, Tit. 7, Appendix, it was not error to deny defendant's requested affirmative charge grounded on the following:

" * * * there is a variance between the allegations of the complaint and the proof presented in Court in that the proof shows that the plaintiff is entitled to recover only for accidents occurring at specific times and places as shown by the policy whereas the complaint not only fails to allege that the loss is recoverable only for an accident, but fails to allege the specific circumstances covered under the policy."

Rule 34 provides as follows:

"34. Variance; special objection making point; general charge.—In all cases where there is a variance between the allegations and proof, and which could be cured by an amendment of the pleading, the trial court will not be put in error for admitting such proof unless there was a special objection making the point as to the variance. And the general objection that the same is illegal, irrelevant and immaterial will not suffice. Nor will the trial court be put in error for refusing the general charge predicated upon such variance, unless it appears from the record that the variance was brought to the attention of the said trial court by a proper objection to the evidence."

See: Kurn v. Counts, 247 Ala. 129, 132, 22 So.2d 725; Moore v. Cruit, 238 Ala. 414, 420, 191 So. 252; Cassady v. Williams, 234 Ala. 299, 302, 174 So. 485; Rasmus v. Schaffer, 230 Ala. 245, 247, 160 So. 244; Sovereign Camp W. O. W. v. Feltman, 226 Ala. 390, 392, 147 So. 396; Tyson v. Winter, 225 Ala. 437, 438, 143 So. 460; Futvoye v. Chuites, 224 Ala. 458, 460, 140 So. 432; Sanders v. Gernert Bros. Lumber Co., 221 Ala. 469, 470, 129 So. 46; Ruffin Coal & Transfer Co. v. Rich, 214 Ala. 633, 636, 108 So. 596; Carter v. Shugarman, 197 Ala. 577, 578, 73 So. 119.

## III

■ Plaintiff contends she is entitled to recovery under both coverages (2) and (3). We cannot agree with her contention as to

 

coverage (2) but are in agreement that she is entitled to recover under coverage (3).

As to coverage (2), the evidence is without dispute that, at the time of plaintiff's injury, she was not "traveling directly to or from the insured's residence and the school."

▮▮ Giving a liberal interpretation to coverage (3) in favor of the insured-plaintiff, as should be done (see: 12 Ala.Dig., Insurance, ⟊146(3), Cum. Pocket Part ⟊146–7(1)), we think the evidence sufficiently establishes that plaintiff, when injured, was "participating in and attending a school-sponsored activity." As already shown, under the terms of the policy a school-sponsored activity includes "school-sponsored and supervised travel to and from such activity."

Assuming, as contended by defendant, that "the school-sponsored activity began upon boarding the bus at the school to leave for the picnic ground," the decisive question then becomes whether plaintiff, when injured, was "participating" in "school-sponsored and supervised travel to and from such activity." We entertain the view that she was.

▮ The definition of "school-sponsored activities," as contained in the policy, is by no means clear and unambiguous. A reasonable interpretation of it in favor of the insured is that travel to and from such activity need not be under the *direct* supervision of a school authority. The definition is that a school-sponsored activity includes "school-sponsored and *supervised* travel to and from such activity." [Emphasis supplied.] Mr. Sims, a school authority in charge of the activity, specifically authorized the use of his car by plaintiff's sister for bringing some of the students to the bus. As far as we can find from the evidence, no specific authority was given or refused with respect to plaintiff's travel in the car with her sister. However, there is evidence that plaintiff, while on the trip, changed her clothes for the picnic. This,

we think, is sufficient, in connection with the other evidence, to support an inference that she was participating in school supervised travel to the activity when she was injured. While it might be a close question whether, within the meaning of the policy, plaintiff was traveling to such activity when injured, our view is that the rule requiring a liberal interpretation of the policy in favor of the insured-plaintiff tips the scale in favor of coverage in this case.

The judgments appealed from are due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.