ADAMS, Justice.
John Rungee appeals from judgments entered against him in favor of the plaintiffs, Douglas Cox and Monique Strahle, in their actions alleging fraud and breach of contract. We affirm.
In 1983, John Rungee, doing business as Alabama Christmas Tree Service (“ACTS”), executed two separate contracts with (1) Douglas Cox, and (2) Rune and Monique Strahle. Mr. Rune Strahle died before this action was begun. Each of the contracts, which were virtually identical, required Rungee to plant 5000 seedling Christmas trees on his land, and, for six years, to maintain them and to prepare them for sale as Christmas trees for the other parties. In return, Cox and the Strahles agreed to pay Rungee $3750 (75© X 5000 trees) each year. Each contract provided that either Rungee or the other party to the contract could sell the trees throughout the contract period; however, Cox and the Strahles were stationed outside the United States at the time the contracts were executed and planned to be so stationed for indefinite periods thereafter. A prospectus circulated by Rungee to the Strahles, Cox, and other prospective investors, projected a 7% to 15% loss or “wastage” in the number of trees over the life of the contract. The contract also contained the following provision: “ACTS will ... furnish [Cox and Strahle] by September 1, 1989, a written quote of the pnce ACTS would be willing to buy [Cox’s and Strahle’s] trees [for] which will not be less than current wholesale price less 10%.” (Emphasis added.)
At the end of the six-year contract period, Rungee refused to purchase the trees of Strahle or Cox[1] and they brought this action against Rungee, alleging fraud and breach of contract. Specifically, the plaintiffs contended that clause 11 of the contract required Rungee to purchase the trees in the fall of 1989, at the end of the contract period.
After hearing ore tenus evidence, the trial judge, without entering his factual findings on the record, entered a judgment for the plaintiffs in the amount of $42,500 each.[2] On appeal, Rungee contends (1) that the trial judge erred in holding that the contract required Rungee to purchase the trees in the fall of 1989, and (2) that the amount of the damages awarded was not supported by the evidence. When the trial court has not specifically stated its findings *1153 of fact, we assume that it made those findings necessary to support its judgment, if those findings would be supported by the evidence. Lakeview Townhomes v. Hunter, 567 So.2d 1287 (Ala.1990).
I. Contract Construction
The judgment, assuming that it was based on the breach of contract claim, is supported under either of two alternative grounds. First, the trial judge may have concluded, as was argued by the plaintiffs, that clause 11 of the contract clearly and unambiguously required Rungee to purchase the trees at the end of the contract period. Alternatively, he may have concluded that the clause was ambiguous and based his judgment on the extensive parol evidence elicited by both parties regarding the intent of the parties on that issue. See Fonts v. Beall, 518 So.2d 1236, 1239 (Ala.1987).
The record would also support the judgment if we assumed it was based on the fraud claims. The evidence supports a finding that (1) by the receipt of $3750 per year from each plaintiff, and (2) by misleading descriptions of the trees sent to the plaintiffs, Rungee had misrepresented that the plaintiffs had large numbers of marketable trees being properly maintained when, in fact, Rungee considered most or all of the trees to be unmarketable by the end of the period.
II. Damages
The $42,500 judgments awarded merely represented the plaintiffs’ expectancy interests under the contract — interests that constitute the proper measure of damages under either count. See Aldridge v. Dolbeer, 567 So.2d 1267 (Ala.1990); Sovereign Camp, W.O.W. v. Feltman, 226 Ala. 390, 147 So. 396 (1933). The damages are easily computed as follows: 4250 trees (5000 original trees minus 750 trees [15% “wastage”]) X $10 (the wholesale price Rungee received for his trees at the end of the period) = $42,500.
All the issues in this case fall squarely within the ambit of the ore tenus rule. Because the findings necessary to support the judgment are fully supported by the record, the judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.

. At that time, Rungee informed Cox that all but 950 of Cox’s trees had died prior to 1989 and that, thereafter, Rungee had allowed Cox’s remaining trees to die because Cox had failed to make his last annual payment. Similarly, Run-gee testified that of Mrs. Strahle’s trees only 1,329 marketable trees remained.

. The trial judge subsequently amended Cox’s award to reflect a credit to Rungee for $3,750, the amount of the last installment payment, which Cox had failed to pay.